UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SCOTT EASOM, ADRIAN HOWARD, and JOHN NAU, on behalf of themselves and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>US WELL SERVICES, INC.<br><br>Defendant. | Case No.:<br><br>Jury Trial Demand |

**CLASS ACTION COMPLAINT**
**(JURY TRIAL DEMANDED)**

Plaintiffs Scott Easom, Adrian Howard, and John Nau, on behalf of themselves and on behalf of all others similarly situated, brings this Class Action Complaint against Defendant US Well Services, Inc.  In sum, Defendant violated the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 et seq. (the "WARN Act") when it terminated Plaintiffs and Class Members without providing sufficient (or any) advance written notice. In further support thereof, Plaintiffs allege as follows:

**NATURE OF THE ACTION**

1. This is a class action for the recovery by the Plaintiffs, former employees of Defendant, on their own behalf and on behalf of approximately hundreds of other similarly situated

1

former employees (collectively the "Class", as defined below), of damages in the amount of 60 days' compensation and benefits for each of them by reason of the Defendant's violation of their rights under the WARN Act.

2. The Plaintiffs and the other Class members were employees of Defendant who were terminated without cause on their part on or about March or April 2020, as part of or as the reasonably expected consequence of a mass layoff or plant closing, which was effectuated by Defendant on or about that date.

3. Defendant failed to give the Plaintiffs and the other Class Members advance written notice of their termination and/or failed to "give as much notice as practicable."

4. In fact, Defendant gave Plaintiffs and the other Class Members no notice of the termination simply notifying them that the termination was effective immediately.

5. In violation of the WARN Act, Defendant failed to provide as much written notice as was practicable, and also failed to provide a statement of the basis for reducing the notification period to *zero* days advance notice.

6. Defendant had the layoff planned well in advance of March 2020, and in fact began laying off employees as early as November 2019 due to lack of revenue.

7. Moreover, the fact Defendant borrowed between 5 and 10 million dollars through the "Paycheck Protection Program," and still opted to engage in a mass layoff – and do so without any advance written notice to its employees -- only further underscores the severity of the WARN Act violations committed by Defendant.

8. Defendant's failure to provide its employees with any advance written notice had a devastating economic impact on Plaintiff and Class Members.

9. As a consequence, the Plaintiffs and the other Class members are entitled under the WARN Act to recover from the Defendant their respective compensation and benefits for 60 days.

10. Specifically, the class Plaintiffs seeks to certify is defined as:

> **WARN Act National Class:**
>
> All former US Well Services, Inc. employees throughout the United States who were not given a minimum of 60 days' written notice of termination and whose employment was terminated on or about March or April 2020, as a result of a "mass layoff" or "plant closing" as defined by the Workers Adjustment and Retraining Notification Act of 1988.

## JURISDICTION & VENUE

11. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 2104(a)(5).

12. The violation of the WARN Act alleged herein occurred in this District.

13. Venue in this Court is proper pursuant to 29 U.S.C. § 2104(a)(5).

14. Defendant conducts substantial business operations in this District.

15. Defendant's headquarters are located in this District.

## THE PARTIES

16. Plaintiffs are State of Texas.

17. At all relevant times, Defendant was a business authorized to conduct business in the State of Texas.

18. Defendant is a public corporation and may be served by serving its registered agent for service of process, Daniel T Layton, 2100 West Loop South, 16TH Floor, Houston, TX 77027-3515, or wherever he may be found.

19. Defendant's principal place of business is 1360 Post Oak Blvd., Suite 1800, Houston, TX 77056.

20. At all relevant times, Defendant maintained an office or facility in San Angelo, Texas,

21. At all relevant times, Defendant maintained an office or facility in Bryan, Texas.

22. At all relevant times, Defendant maintained an office or facility in Pleasanton, Texas.

23. At all relevant times, Defendant maintained an office or facility in Jane Lew, West Virginia.

## BACKGROUND AND FACTS

24. On information and belief, on or about March 2020, Defendant employed thousands of people in Texas and West Virginia.

25. Prior to his termination, Plaintiffs were employees by the Defendant.

26. On March 20, 2020, Plaintiff Easom received a written notice dated March 20, 2020, terminating his employment effective March 20, 2020, without cause on his part, by the Defendant.

27. On March 18, 2020, Plaintiff Howard received a written notice dated March 20, 2020, terminating his employment effective March 18, 2020, without cause on his part, by the Defendant.

28. On or about late March 2020, Plaintiff Nau received a written notice terminating his employment effective immediately, without cause on his part, by the Defendant.

29. Upon information and belief, hundreds of other employees working for Defendant were terminated without cause on their part as part of or as the reasonably expected consequence of the terminations (collectively, the "Class").

30. Plaintiffs bring this action on his own behalf and, pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of himself and the other members of the Class.

31. At all relevant times, the Defendant employed 100 or more employees, exclusive of part-time employees, (i.e., those employees who had worked fewer than 6 of the 12 months prior to the date notice was required to be given or who had worked fewer than an average of 20 hours per week during the 90 day period prior to the date notice was required to be given) (the "Part-Time Employees"), or employed 100 or more employees who in the aggregate worked at least 4,000 hours per week exclusive of hours of overtime within the United States.

32. The terminations on or about March 2020, of the employment of persons who worked at the various facilities for Defendant resulted in the loss of employment for at least 50 employees excluding Part-Time Employees.

33. The terminations on or about March 2020, of the employment of persons who worked at the Facility or as the reasonably foreseeable consequence of those terminations resulted in the loss of employment for at least 33% of the Facility's employees excluding Part-Time Employees.

34. The Plaintiffs and the other Class members were discharged without cause on their part on or about March 2020, or thereafter as the reasonably expected consequence of the terminations that occurred on that date.

35. The Plaintiffs and each of the other Class members experienced an employment loss as part of or as the reasonably expected consequence of the mass layoff and/or plant closing that occurred in or about March 2020.

36. Prior to his termination, the Plaintiffs and the other Class members did not receive written notice at least 60 days in advance of the termination of their employment, nor did they receive as much notice as practicable under the circumstances.

## CLASS ACTION ALLEGATIONS AND CLAIMS

37. The Plaintiffs and the other Class members constitute a Class within the meaning of Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

38. Each of the other Class members is similarly situated to the Plaintiffs with respect to his or her rights under the WARN Act.

39. Common questions of law and fact are applicable to all members of the Class.

40. The common questions of law and fact arise from and concern the following facts, among others:

   a. That all Class members enjoyed the protection of the WARN Act;

   b. That all Class members were employees of the Defendant who worked at any of the facilities;

   c. That the Defendant terminated the employment of all the members of the Class without cause on their part;

   d. That the Defendant terminated the employment of the members of the Class without giving them at least 60 days' prior written notice as required by the WARN Act;

   e. That the Defendant failed to pay the Class members wages and to provide other employee benefits for a 60-day period following their respective terminations; and,

  f. On information and belief, the issues raised by affirmative defenses that may be asserted by the Defendant.

41. The Plaintiffs' claims are typical of the claims of the other members of the Class in that for each of the several acts of Defendant described above, the Plaintiffs and the other Class members are an injured party with respect to his/her rights under the WARN Act.

42. The Plaintiffs will fairly and adequately protect and represent the interests of the Class.

43. The Plaintiffs and their counsel have the time, ability, and resources to prosecute this action.

44. The Plaintiffs have retained the undersigned counsel who have had experience litigating class action claims, employee rights' claims, and other claims in Federal court.

45. The Class is so numerous as to render joinder of all members impracticable in that there are hundreds of members of the Class.

46. The questions of law and fact common to the members of the Class predominate over any questions affecting only individual members.

47. A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

48. No Class member has an interest in individually controlling the prosecution of a separate action under the WARN Act.

49. No litigation concerning the WARN Act rights of any Class member has been commenced.

50. Concentrating all the potential litigation concerning the WARN Act rights of the Class members in this Court will avoid a multiplicity of suits, will conserve judicial resources and

the resources of the parties, and is the most efficient means of resolving the WARN Act rights of all the Class members.

51. On information and belief, the names of all the Class members are contained in Defendant's books and records.

52. On information and belief, a recent residence address of each of the Class members is contained in Defendant's books and records.

53. On information and belief, the rate of pay and the benefits that were being paid or provided by Defendant to each Class member at the time of his or her termination are contained in Defendant's books and records.

54. As a result of Defendant's violation of the WARN Act, each Class member is entitled to recover an amount equal to the sum of: (a) his/her respective wages, salaries, commissions, bonuses and accrued pay for vacation and personal days for the workdays in the 60 calendar days prior to their respective terminations and fringe benefits for 60 calendar days prior to their respective terminations; and (b) his/her medical expenses incurred during the 60-day period following their respective terminations that would have been covered and paid under the Defendant's health insurance plan had that plan provided coverage for such period.

55. Defendant failed to pay the Plaintiffs and the other Class members for the Defendant's violation of the WARN Act in an amount equal to the sum of or any part of the sum of (a) their respective wages, salary, commissions, bonuses and accrued pay for vacation and personal days for the workdays in the 60 calendar days prior to their respective terminations and fringe benefits for 60 calendar days prior to their respective terminations; and (b) their medical expenses incurred during the 60 calendar days from and after the date of his/her termination that would have been covered under the Defendant's benefit plans had those plans remained in effect.

## COUNT I
## Violations of the WARN Act

56. Plaintiffs reasserts and re-alleges the allegations set forth above.

57. At all times material herein, Plaintiffs, and similarly situated persons, has been entitled to the rights, protections, and benefits provided under the WARN Act, 29 U.S.C. § 2101 et. seq. 24. Defendant was, and is, subject to the notice and back pay requirements of the federal WARN Act because Defendant is a business enterprises that employed 100 or more employees, excluding part-time employees, and/or, employed 100 or more employees who in the aggregate work at least 4,000 hours per week (exclusive of overtime), as defined in the WARN Act. 29 U.S.C. §§ 2101(1)(A) & (B).

58. The WARN Act regulates the amount of notice an employer must provide to employees who will be terminated due to the employer's closing of a plant or mass layoffs, as well as the back pay and other associated benefits an affected employee is due based on a violation of the required notice period. Pursuant to the WARN Act, 29 U.S.C. § 2102, and 20 C.F.R. § 639.1 - § 639.10 et seq., Defendant was required to provide at least sixty (60) days prior written notice of the termination, or notice as soon as practicable, to the affected employees, explaining why the sixty (60) days prior notice was not given.

59. Defendant willfully violated the federal WARN Act by failing to provide the required notice. Defendant failed to pay Plaintiffs and other similarly situated employees their respective wages, salary, commissions, bonuses, accrued holiday pay, and accrued vacation for 60 working days following their respective terminations, and failed to make the pension and 401(k) contributions, provide other employee benefits under ERISA, and pay their medical expenses for 60 calendar days from and after the dates of their respective terminations.

60. Section 2103 of the federal WARN Act exempts certain employers from the notice requirements of the Act. 29 U.S.C. §§ 2103(1)-(2). None of the WARN Act exemptions apply to Defendant. Accordingly, Plaintiffs and class members must receive the notice and back pay required by the WARN Act, 29 U.S.C. §§ 2102, 2104.

61. Plaintiffs and all similarly situated employees have been damaged by Defendant's conduct constituting violations of the WARN Act and are entitled to damages for their back pay and associated benefits for each day of the violation because Defendant has not acted in good faith nor with reasonable grounds to believe their acts and omissions were not a violation of the WARN Act.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, and all similarly situated employees, demand judgment against Defendant and pray for:

(1) an order certifying that the action may be maintained as a class action under Federal Rule of Civil Procedure 23;

(2) designation of Plaintiffs as the representatives of the class, and counsel of record as Class Counsel;

(3) compensatory damages in an amount equal to at least the amounts provided by the WARN Act, 29 U.S.C. § 2104(a);

(4) reasonable attorneys' fees, costs, and disbursements as allowed by the WARN Act, 20 U.S.C. § 2104(1)(6); and

(5) such other relief as the Court deems fair and equitable.

**DEMAND FOR JURY TRIAL**

    Plaintiffs hereby request trial by jury of all issues triable by jury pursuant to Fed. R. Civ. P. 38.

Dated this 26th day of August 2020.

Respectfully submitted,

By: */s/ Gabriel A. Assaad*
Texas Bar No. 24076189
McDonald Worley, PC
1770 St. James St., Suite 100
Houston, TX 77056
(713) 523-5500 – telephone
(713) 523-5501 – facsimile
gassaad@mcdonaldworley.com

Galvin Kennedy
Kennedy Law Firm, LLP
2925 Richmond Ave., Ste. 1200
Houston, TX 77098
Phone. 713-425-6445
galvin@kennedyattorney.com