# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| SCOTT EASOM, ADRIAN HOWARD, and JOHN NAU, on behalf of themselves and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>V.<br><br>US WELL SERVICES, LLC<br><br>Defendant. | CIVIL ACTION NO.: 4:20-CV-02995 |

## PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON DEFENDANT'S GOOD FAITH AFFIRMATIVE DEFENSE

Plaintiffs, by and through their attorneys of record, respectfully submit this Motion for Summary Judgment on Defendant's Good Faith Affirmative Defense pursuant to Federal Rule of Civil Procedure 56(a) and in support thereof, would show the Court as follows:

## I.     INTRODUCTION.

In and around March of 2020, without prior notice, Defendant, US Well Services, Inc. ("USWS" and/or "Defendant") laid off many of its employees, including Plaintiffs. These layoffs were a result of numerous factors, including dropping oil prices, reduced profitability, and loss of fracking contracts. On August 26, 2020, Plaintiffs filed the present suit alleging violations of the Worker Adjustment and Retraining Notification Act ("WARN Act") on behalf of themselves and all others who are similarly situated. Plaintiffs recently (November 3, 2022) deposed Matthew Bernard, Defendant's former Chief Administrative Officer in New Orleans, Louisiana. During the deposition, two zoom hearings before this Court were required to address whether Defendant was relying on advice of counsel as a basis for its good faith affirmative defense under the WARN Act. In the end, Defendant stipulated that it will not rely on advice

of legal counsel to justify its good faith defense. *See* Doc. 76, Minute entry ("Counsel for the Defendant then indicated that the Defendant would not be relying on advice of counsel as a basis for the affirmative defense of good faith."). Because Defendant cannot rely on advice of counsel to justify its good faith defense and Defendant has no other evidence to support its good faith defense, Plaintiffs move for summary judgment on this discrete issue.

## II. SUMMARY OF THE ARGUMENT.

In 1988, Congress enacted the WARN Act. Pub. L. No. 100-379, 102 Stat. 890. The Act requires employers to give their employees 60-days' advanced notice of any plant closing or mass layoff. 29 U.S.C. § 2102(a). The WARN Act requires that notification be provided to (1) affected employees (or their representatives), (2) chief elected official for local government entities, and (3) state dislocated worker agencies. *See* 20 C.F.R. § 639.6. The notice to each of these parties must contain specific key elements in order to qualify as *bona fide* WARN Act notice. 20 C.F.R. § 639.7. The Act serves a clear and important remedial purpose that cannot be easily skirted by employers.[1] Defendant concedes that it did not provide any advanced notice of the termination to its employees, but instead made their termination effective on the same date as the notice of termination itself.

Section 2104 of the Act allows an employer to plead and prove it is entitled to a reduction in damages based on its good faith compliance with the Act:

> If an employer which has violated this chapter proves to the satisfaction of the court that the act or omission that violated this chapter was in good faith and that the employer had reasonable grounds for believing that the act or omission was not a violation of this chapter the court may, in its discretion, reduce the amount of the liability or penalty provided for in this section.

29 U.S.C.A. § 2104. An employer bears the burden to demonstrate that it had a subjective intent to comply with the WARN Act <u>and</u> that its conduct was objectively reasonable. *See Castro v.*

---

[1] Defendant concedes it provided no advance notice at all, but claims, after the fact, that the unforeseeable business circumstances defense applies. Plaintiffs have moved for summary judgment on this defense. *See* Doc. 70, Plaintiffs' Motion for Partial Summary Judgment.

2

*Chicago Hous. Auth.*, 360 F.3d 721, 730 (7th Cir. 2004); *see also Day v. Celadon Trucking Servs., Inc.*, 827 F.3d 817, 836 (8th Cir. 2016)(*same*); *see also Carpenters Dist. Council of New Orleans & Vicinity v. Dillard Dep't Stores, Inc.*, 15 F.3d 1275, 1288 (5th Cir. 1994)(affirming ruling that employer was not entitled to good faith defense because there was no evidence it subjectively believed it complied with the Act and the employer "consistently resolved any questionable issue in its favor" to the point that its actions were not "objectively reasonable.").

Now that Defendant has effectively stipulated that it did not rely on advice of counsel as a basis for its good faith defense, Defendant has no other evidence to prove its affirmative defense. Defendant's Rule 26 disclosures fail to identify a single document which even references the WARN Act, or that Defendant was even considering the WARN Act prior to the mass layoff. Likewise, Defendant's disclosures fail to identify a single witness that has discoverable information to support its good faith defense. The discovery certainly does not reveal any explanation of why Defendant considered its conduct compliant with the Act, much less an objectively reasonable explanation. Because Defendant cannot meet its burden of proof, Plaintiffs are entitled to summary judgment on the good faith affirmative defense.

### III. STANDARD OF REVIEW.

An employer's good faith affirmative defense is the proper subject of a summary judgment. *Childress v. Darby Lumber, Inc.,* 357 F.3d 1000, 1007 (9th Cir. 2004) (holding employer in WARN Act case failed to raise a triable issue as to several elements of its good faith defense and affirming summary judgment on same); *see also In re Jamesway Corp.,* 235 B.R. 329, 345 (S.D.N.Y.1999)("If there is not a material fact issue concerning one or both of these factors, good faith can be a matter appropriate for summary judgment.").

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Shepherd ex rel. Est. of Shepherd v. City of Shreveport*, 920 F.3d 278, 282-83 (5th Cir. 2019)

(quoting Fed. R. Civ. P. 56(a)). "A material fact is one that might affect the outcome of the suit under governing law," and "a fact issue is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Renwick v. PNK Lake Charles, LLC*, 901 F.3d 605, 611 (5th Cir. 2018) (citations and internal quotation marks omitted). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion," and identifying the record evidence "which it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

Defendant bears the burden of proof on all affirmative defenses it has plead. *See* 20 C.F.R. § 639.9 ("The employer bears the burden of proof that conditions for the exceptions have been met."). "If the burden of proof at trial lies with the non-moving party, the movant may either (1) submit evidentiary documents that negate the existence of some material element of the opponent's claim or defense, or (2) if the crucial issue is one on which the opponent will bear the ultimate burden of proof at trial, demonstrate the evidence in the record insufficiently supports an essential element or claim." *Colindres v. Quietflex Mfg.*, Nos. H-01-4319, consolidated with H-01-4323, 2006 U.S. Dist. LEXIS 19799, at *1 (S.D. Tex. Mar. 31, 2006) (citing *Celotex*, 477 U.S. at 330). When the moving party has met its Fed. R. Civ. P. 56(c) burden, the non-moving party cannot survive a motion for summary judgment by resting on the mere allegations of its pleadings. *Id.* The non-movant must identify **specific evidence in the record** and articulate the manner in which that evidence supports that party's claim. *Id.* (citing *Johnson v. Deep E. Texas Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 305 (5th Cir. 2004)) (*emphasis added*).

## IV. ARGUMENT AND AUTHORITIES.

### A. Because USWS cannot rely on advice of counsel to support its good faith defense, USWS has no independent evidence that it had a subjective belief that its failure to provide any advanced notice complied with the Act.

During the deposition of Matthew Bernard on November 3, 2022, Defense counsel refused to allow the witness to testify regarding communication with legal counsel related to compliance with the WARN Act. During the deposition, counsel revealed that the law firm Phelps Dunbar, LLP was advising Defendant regarding the mass layoff at issue in this litigation prior to the actual termination and as early as February 2020. Plaintiffs repeatedly asked questions regarding the communication based on the case law holding that an employer waives attorney client privilege when it relies on advice of counsel to justify its good faith defense. As one court noted:

> It has noted that the "great weight of authority holds that the attorney-client privilege is waived when a litigant 'place[s] information protected by it in issue through some affirmative act for his own benefit, and to allow the privilege to protect against disclosure of such information would be manifestly unfair to the opposing party.' " *Conkling v. Turner,* 883 F.2d 431, 434 (5th Cir.1989) (internal citations omitted and alteration in original). "[W]hen a party entitled to claim the attorney-client privilege uses confidential information against his adversary (the sword), he implicitly waives its use protectively (the shield) under that privilege." *Willy v. Admin. Review Bd.,* 423 F.3d 483, 497 (5th Cir.2005)).

*Ex. 2, Edwards v. KB Home*, No. 3:11-CV-00240, 2015 WL 4430998, at *1 (S.D. Tex. July 18, 2015)(finding employer waived attorney client privilege due to good faith defense in Fair Labor Standards Act case.).

However, Defendant continued to object to any questions regarding communication between Defendant and its counsel. After two hearings before this Court in the middle of the deposition, Defendant elected to avoid <u>explicitly</u> waiving attorney client privilege by effectively stipulating that it will not rely on advice of counsel to support its affirmative defense. *See* Doc. 76, Minute Entry ("Counsel for the Defendant then indicated that the

5

Defendant would not be relying on advice of counsel as a basis for the affirmative defense of good faith.").[2]

The record is void of any evidence, outside advice of counsel, that Defendant had a subjective good faith belief that its failure to provide any advanced notice of the mass layoff complied with the WARN Act. Defendant has a duty to disclose all documents supporting its good faith affirmative defense and identify all fact witnesses with knowledge of facts supporting such defense. Rule 26(a)(1)(A) provides:

> . . . a party must, without awaiting a discovery request, provide to the other parties:
>
> (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;
>
> (ii) a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, …

Fed. R. Civ. P. 26(a)(1)(A).

After more than two years of litigation, Defendant has not produced a shred of evidence that even references the WARN Act. *See* Ex. 1, Defendant's Rule 26(a) Disclosures (omitting any reference to witnesses or documents related to its good faith defense). Likewise, no document produced in response to Plaintiff's Requests for Production references the WARN Act or attempts to comply therewith at the time USWS conducted the mass layoff.

Without evidence that Defendant had even considered compliance with the WARN Act, it cannot argue it made a good faith effort to comply. An employer bears the burden to demonstrate that it had a subjective intent to comply with the WARN Act and that its conduct was objectively reasonable. *See Castro v. Chicago Hous. Auth.*, 360 F.3d 721, 730 (7th Cir.

---

[2] To be clear, Plaintiffs reserve the right to seek discovery from Defendant regarding its communication with Phelps Dunbar, LLP and its counsel pursuant to the reasoning in *Edwards* that implicit waiver exists even if a party is not itself relying on advice of counsel to support its defense, when such evidence is otherwise relevant and can negate such a defense. That is, the mere fact that Defendant has indicated it will not actively rely on advice of counsel to support its defense does not affect Plaintiffs' right to rely on that same legal communication to negate the affirmative defense. For example, if Phelps Dunbar, LLP advised US Wells to take action to comply with the Act and US Wells ignored that advice, the case law finding waiver applies.

2004) ("As the employer, the CHA bears the burden of proof as to this mitigation defense. Moreover, this defense must be narrowly construed."); *see also Day v. Celadon Trucking Servs., Inc.*, 827 F.3d 817, 836 (8th Cir. 2016)(*same*). The *Castro* court astutely ruled, "the WARN Act was nothing but an afterthought to the CHA with respect to all of the terminations it was planning." *Castro*, 360 F.3d at 731. Just as in *Castro*, USWS cannot identify any evidence supporting its good faith defense *prior* to the mass layoff precisely because any consideration was at best an afterthought. USWS's post-termination conduct cannot serve as evidence of its good faith compliance *prior* to the mass layoff. *See, e.g., Castro*, 360 F.3d at 731 ("the defendant's conduct *after* the violation is not relevant to the determination of good faith contemplated by the statute. The pertinent inquiry in deciding whether to exercise the court's discretion in favor of reducing the defendant's liability is the defendant's conduct *prior* to the notice[.]") (*citing Jones v. Kayser–Roth Hosiery, Inc.,* 748 F. Supp. 1276, 1291 (E.D.Tenn.1990). Therefore, summary judgment is warranted as to the good faith defense.

**B.      USWS's conduct was not an objectively reasonable attempt to comply with the WARN Act.**

Even in cases where employers demonstrate they had a good faith intent to comply with the WARN Act, such belief alone is not sufficient to meet their burden of proof. Employers must also prove that they had objectively reasonable grounds for their acts and omissions. *See, e.g. Carpenters Dist. Council of New Orleans & Vicinity v. Dillard Dep't Stores, Inc.*, 15 F.3d 1275, 1288 (5th Cir. 1994) (affirming district court's ruling that employers "conclusions concerning the calculation of damages become objectively unreasonable, and as such, [employer] was not entitled to a "good faith" reduction in damages."); *see also, Day v. Celadon Trucking Servs., Inc.*, 827 F.3d 817, 836 (8th Cir. 2016) ("Even if we assume that Celadon had

a subjective intent to comply with the WARN Act, Celadon has not demonstrated that it had a reasonable basis for believing that it was not responsible for giving WARN Act notice.").

USWS has no objectively reasonable grounds for believing that its acts and omissions were not in violation of the Act. This is particularly true because of the multiple ways in which USWS independently violated the Act. Because each separate violation stands as an independent ground for violating the Act, Defendant must prove that it had an objectively reasonable belief as to each of them. USWS's acts and omissions that independently violate the Act include:

1. Failing to provide any notice, much less sufficient notice, to the local governments and the Texas Workforce Commission of the mass layoffs;

2. Failing to provide 60-days' or even one days' notice;

3. Failing to provide a "brief statement," apart from the reason for termination, for reducing the 60-day notice period to no notice at all in the termination letter provided to Plaintiffs;

4. Failing to identify if the layoffs were permanent or temporary in the termination letter provided to Plaintiffs; and

5. Failing to identify if the termination was even part of a "mass layoff" in the termination letter provided to Plaintiffs.

USWS failed to comply with each of these mandatory provisions of the WARN Act.

Defendant may argue that it was ignorant of the WARN Act or the particular components of the Act enumerated above which it violated. However, as in most areas of the law, ignorance of the WARN Act, or any component part thereof, cannot serve as an objective ground for good faith compliance. *Childress v. Darby Lumber, Inc.*, 357 F.3d 1000, 1008 (9th Cir. 2004) ("Mere ignorance of the WARN Act is not enough to establish the good faith exception.").

Even if USWS were relying on advice of counsel, such advice in the abstract would not be sufficient without a careful review of such advice, the conversations and the depth of research and investigation performed by Phelps Dunbar, LLP. For example, in *Washington v.*

*Aircap Indus., Inc.*, 860 F. Supp. 307, 318 (D.S.C. 1994), the court rejected the employer's good faith defense even though the employer had obtained legal advice that apparently was cursory, finding that, "Plaintiffs should not suffer if Aircap asked for and received informal legal advice that clearly is incorrect on the facts presented to the court. . . . To hold that Aircap acted in good faith by obtaining an "off the cuff" oral opinion that directly affected the lives of 257 long term employees would eviscerate the purpose of the WARN Act."

Moreover, courts routinely reject the good faith defense when employers fail to submit evidence showing their subjective good faith intent or the objectively reasonable nature of the grounds for believing they complied. *See, e.g.*, *Saxion v. Titan-C-Mfg., Inc.*, 86 F.3d 553, 561 (6th Cir. 1996)(affirming district court's ruling that good faith defense did not apply because employer's proffered reason for the defense related to identifying employees to trigger WARN Act was not objectively reasonable); *Day v. Celadon Trucking Servs., Inc.*, 827 F.3d 817, 836 (8th Cir. 2016)(affirming district court judgment that employer failed to demonstrate its basis for its good faith defense was objectively reasonable); *Jones v. Kayser-Roth Hosiery, Inc.*, 748 F. Supp. 1276, 1292 (E.D. Tenn. 1990)(rejecting good faith defense based on employer's subjective belief that a major customer, whose account was necessary for the continued operation of the plant, might reverse its cancellation of account, thereby making notice unnecessary). In short, Defendant cannot support its good faith defense by relying on a management declaration, for example, that was based on any legal advice provided. All such evidence submitted, must be free and independent of any advice provided by counsel now that Defendant has elected not to waive the attorney client privilege. There simply is no evidence upon which Defendant can rely, thereby making summary judgment warranted on the good faith defense.

## V. CONCLUSION.

For the reasons stated herein, Plaintiffs respectfully request the Court enter summary judgment against Defendant with respect to its good faith affirmative defense.

Respectfully submitted,

By: */s/ Gabriel A. Assaad*
Gabriel A. Assaad
Texas Bar No. 24076189
gassaad@mcdonaldworley.com
Matthew S. Yezierski
Texas Bar No. 24076989
matt@mcdonaldworley.com
MCDONALD WORLEY, P.C.
1770 St. James Street, Suite 100
Houston, TX 77056
Telephone: 713-523-5500

Galvin Kennedy
Galvin@KennedyAttorney.com
Federal Bar No. 20791
Texas State Bar No. 00796870
KENNEDY LAW FIRM, LLP
2925 Richmond Ave., Ste. 1200
Houston, TX 77098
Telephone: 713-425-6445
Facsimile: 888-535-9271

**ATTORNEYS IN CHARGE FOR PLAINTIFFS AND PUTATIVE CLASS MEMBERS**

## CERTIFICATE OF SERVICE

This is to certify that on November 10, 2022 a copy of this document was served on all parties of record via the Court's electronic case filing system, which will send a notice of electronic filing to all counsel of record.

*/s/ Galvin Kennedy*
Galvin Kennedy