UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

```
SCOTT EASOM, ADRIAN HOWARD,    *   CIVIL ACTION
and JOHN NAU, on behalf of     *   4:20-CV-02995
themselves and on behalf of    *
all others similarly situated, *
              Plaintiffs       *
                               *
VERSUS                         *
                               *
US WELL SERVICES, LLC,         *
              Defendant        *
*  *  *  *  *  *  *  *  *  *  *
```

Deposition of MATT BERNARD, taken at the offices of Phelps Dunbar, LLP, located at 365 Canal Street, One Canal Place, Suite 2000, New Orleans, Louisiana  70130, on Thursday, the 3rd day of November, 2022 at 10:03 a.m.

REPORTED BY:

    QUINCEE B. ROCCAFORTE, CCR, RPR
    CERTIFIED COURT REPORTER
    REGISTERED PROFESSIONAL REPORTER

**EXHIBIT 1**

```
                                                               2

 1   APPEARANCES:

 2        McDONALD WORLEY, PC
          (BY:  GABRIEL A. ASSAAD, ESQUIRE)
 3        (BY:  MATTHEW S. YEZIERSKI, ESQUIRE)
          1770 St. James Place
 4        Suite 100
          Houston, Texas  77056
 5        713-523-5500
          gassaad@mcdonaldworley.com
 6        matt@mcdonaldworley.com
          (Counsel for Plaintiffs,
 7        Scott Easom, Adrian Howard, John Nau,
          on behalf of themselves and on behalf
 8        of all others similarly situated)

 9
          KENNEDY LAW FIRM, LLP
10        (BY:  GALVIN KENNEDY, ESQUIRE)
          2925 Richmond Avenue
11        Suite 1200
          Houston, Texas  77098
12        713-360-1041
          (Counsel for Plaintiffs,
13        Scott Easom, Adrian Howard, John Nau,
          on behalf of themselves and on behalf
14        of all others similarly situated)

15
16        PHELPS DUNBAR, LLP
          (BY:  DAVID M. KORN, ESQUIRE)
17        (BY:  MARK FIJMAN, ESQUIRE)
          365 Canal Street
18        One Canal Place
          Suite 2000
19        New Orleans, Louisiana  70130-6534
          504-584-9120
20        david.korn@phelps.com
          mark.fijman@phelps.com
21        (Counsel for Defendant,
          US Well Services, LLC)
22

23

24

25
```

1  there's -- I put into like two groups of
2  terminations.
3           You have the executives that were
4  terminated, which we talked about, which was Nathan
5  Houston, Mark Wolf, Chuck, and Robert Kurtz or
6  Kurtz or whatever.  Those are the executives that
7  were terminated, correct, back in 2020 in March?
8       A.   Yes.
9       Q.   Okay.  Then you have another
10 termination of the employees, such as the
11 fieldworkers, the maintenance workers that occurred
12 in March and April.
13      A.   Okay.
14      Q.   You understand that, correct?
15      A.   Yes.
16      Q.   Was counsel involved with respect to
17 the termination of the nonexecutive employees or
18 just the executive employees?
19      MR. FIJMAN:
20           I'm going to object and say that any
21      response calls for attorney-client privilege
22      and I'm going to instruct you not to answer.
23 BY MR. ASSAAD:
24      Q.   Was counsel involved with any of the
25 terminations with respect to the fieldworkers and

68

1  maintenance workers at US Well in March and April
2  of 2020?
3      MR. FIJMAN:
4          Same objection.
5      MR. ASSAAD:
6          You can answer.
7      MR. FIJMAN:
8          I'm instructing him not to answer.
9      MR. ASSAAD:
10         You didn't instruct him not to answer
11     that.  So you're instructing him not to
12     answer?
13     MR. FIJMAN:
14         Yes.
15     MR. ASSAAD:
16         Basis?
17     MR. FIJMAN:
18         Attorney-client privilege.
19     MR. ASSAAD:
20         Whether or not counsel was involved?
21     MR. FIJMAN:
22         Yes.
23     MR. ASSAAD:
24         Do you have a case to cite?
25     MR. FIJMAN:

69

1  　　　　　No, I'm just maintaining my objection.
2  BY MR. ASSAAD:
3  　　　Q.　Do you know one way or another whether
4  counsel was involved with the respect to the
5  termination of the fieldworkers and maintenance
6  workers at US Well?
7  　　　MR. FIJMAN:
8  　　　　　Object on the same basis,
9  　　　attorney-client privilege.  Instruct the
10 　　　witness not to answer.
11 　　　MR. ASSAAD:
12 　　　　　He might not even know the answer.
13 　　　Does he know one way or the other?
14 BY MR. ASSAAD:
15 　　　Q.　Do you?
16 　　　MR. FIJMAN:
17 　　　　　I've instructed him not to respond.
18 BY MR. ASSAAD:
19 　　　Q.　Did you review the termination letters
20 that were sent out to the employees on the day of
21 their termination?
22 　　　A.　You asked me if I reviewed them on
23 the -- on that day?
24 　　　Q.　No, prior.
25 　　　A.　Prior, no.

|   | 101 |
|---|---|

1           Again, object to form.  Calls for a
2     legal conclusion.
3           MR. ASSAAD:
4                You can answer.
5           THE WITNESS:
6                I don't think I have the -- it is a
7     legal question, and I don't think I am
8     capable of answering.
9     BY MR. ASSAAD:
10         Q.   So you have no opinion?
11         A.   I don't.
12         Q.   Okay.  Were you relying on your
13    attorneys at the time with respect to WARN Act
14    compliance?
15         MR. FIJMAN:
16               I'm going to object on the basis that
17          it calls for attorney-client communications,
18          and I'm going to instruct him not to answer.
19         MR. ASSAAD:
20               Is the defendant relying on any
21          attorney opinions with respect to the good
22          faith defense in this case?
23         MR. FIJMAN:
24               Gabe, we're not talking -- this is a
25          deposition.  You're not asking me questions,

102

1  so --
2  MR. ASSAAD:
3       I'm asking what the company's position
4  is because if you're going to rely on
5  attorney communications and advice given to
6  US Well Services with respect to the good
7  faith defense, that means that I'm allowed to
8  go into what was discussed with the attorneys
9  with respect to the good faith defense.
10 MR. FIJMAN:
11      And I'm going to maintain our
12 objection.
13 MR. ASSAAD:
14      So you're going to maintain
15 attorney-client privilege protection with
16 respect to the good faith defense of the
17 case?
18 MR. FIJMAN:
19      In regard to the question you're
20 asking, anything regarding the good faith
21 defense can be taken up with the judge and
22 the court.
23 MR. KENNEDY:
24      You should do that now while the
25 witness is here.

1  MR. ASSAAD:
2        Yeah, let's get the court.  You want to
3  send an e-mail to her?
4  MR. KENNEDY:
5        And just to set the issue, Mark.  And I
6  know you're not a witness here, but just two
7  lawyers talking on the case.
8        The way I see the issue is, if the
9  defendant is going to rely on advices of
10 counsel to justify their good faith defense
11 and affirmative defense No. 11 in Defendant's
12 Answer, then I think that opens up the right
13 for us to ask questions regarding what
14 advice -- specific advice was provided that
15 you're relying on.
16 MR. FIJMAN:
17       Well, first of all, the good faith
18 defense is not exclusively not limited to
19 attorney advice.
20 MR. KENNEDY:
21       I understand.  But if -- go ahead.
22 MR. FIJMAN:
23       But, again, to the extent you're asking
24 for direct attorney-client communications,
25 we're going to maintain our objection.

Matt Bernard
11/3/2022

104

1   MR. KENNEDY:
2           Maybe we can short-circuit this.  Are
3   you willing to waive the company's right to
4   rely on legal advice from counsel as part of
5   its justification for its good faith
6   affirmative defense?
7   MR. FIJMAN:
8           No.
9   MR. KENNEDY:
10          Okay.  Now, the table is set.  I think
11  we should get the court involved.  Two ways
12  to handle it.  I can e-mail the court now
13  while we can ask other questions, or we can
14  e-mail the court and wait.
15  MR. ASSAAD:
16          Call the court or e-mail her?  Let's
17  just e-mail.
18          While you're doing that, I can
19  continue?
20  MR. FIJMAN:
21          Well, no, if we're going to do that,
22  let me take a quick break.  Please copy me on
23  the e-mail.
24  MR. KENNEDY:
25          Of course.