# EXHIBIT 1

**From:** "Dean Fullerton" <DFullerton@uswellservices.com>
**To:** "'Dean Fullerton (DFullerton@uswellservices.com)'" <DFullerton@uswellservices.com>
**Subject:** WARN and Furloughs
**Date:** Mon, 28 Sep 2020 17:24:04 -0000
**Importance:** Normal
**Inline-Images:** image001.png

---

# Dear Littler: What Do We Do If We Cannot Bring Our Employees Back From Furlough?

By Kerry Notestine, Bruce Millman, Dan Thieme and Art Carter on
September 4, 2020
PRINT

***Dear Littler:*** At the start of the pandemic, our company—like countless others—had to furlough a number of our employees. We thought we'd be able to fully resume operations by the summer. Unfortunately, COVID-19 is still widespread in our area. It's approaching six months, and although certain departments are up and running, we see no way to bring all of our employees back at this point. What do we do now?
—*Wondering in Winston-Salem*

***Dear Wondering,***
We understand your frustration and concern. When President Trump declared the COVID-19 pandemic a national emergency on March 13, 2020, few employers believed the crisis would last this long. Many employers furloughed employees during March and April anticipating they would be able to return employees from furlough within a few weeks. Because a furlough/short-term layoff of six months or less is not a triggering event under the Worker Adjustment and Retraining Notification Act (WARN) and most state mini-WARN statutes, many employers announced in their furlough notices that they anticipated that the furlough would last less than six months. Those same notices often referenced the COVID-19 pandemic as an unforeseeable business circumstance (UBC), which permits shortened notice under WARN. Now, the pandemic is approaching six months and many employers are faced with addressing their furlough status and WARN Act compliance for the first time.

Under WARN, a furlough longer than six months may be treated as an employment loss when the furlough *commenced*. This means you may have to look back to March and April to determine if there were a sufficient number of WARN triggering events, including both permanent layoffs and furloughs to require WARN notice. For example, if you furloughed 40 full-time workers on March 20 and permanently laid off 12 full-time workers on April 10, you might have a WARN notice obligation for all 52 workers, if you had a retroactive WARN notice obligation to the 40 furloughs because you cannot bring them back in six months. Because it is unlikely that you gave those workers WARN notice of long-term furloughs or permanent layoffs, you may face liability for not having given the notice. The outcome of any WARN claim in this situation would depend on a variety of factors, including whether the job actions resulted from the closure of facilities or operating units; if not, whether they constituted 33% of the workforce at the site; and if WARN is triggered retroactively, whether the courts in your jurisdiction will permit imposition of liability based on a retroactive WARN obligation that was not reasonably foreseeable at the time.

It is important that you are addressing the status of your furloughed employees before the six-month period passes, as there are both legal requirements and mitigating strategies that may be applicable. You may be able to extend your furloughs past six months if there are intervening UBC events, but plaintiffs likely will argue that the pandemic onset that originally led to the furlough would not itself justify a subsequent extension. Some examples of intervening events that could justify an extension of the furlough might be a subsequent facility closing order by local government, the extension of a government order closing or restricting business beyond the time-period announced in the original order, or the sudden and unexpected cancellation of a contract by a major customer due to pandemic-related business disruption. You also may be able to evaluate your company's furlough list to determine if enough employees may be excluded from being counted as WARN Act employment losses because they returned to work (even with subsequent re-furloughing) or were unavailable for recall. In addition, you may be able to move furloughed employees to permanent layoff status within six months of the furlough commencement and thereby avoid retroactive WARN obligations.

CONFIDENTIAL                                              D_000423

WARN Act compliance can be tricky, so these strategies may not necessarily work in your case. Therefore, it is important to consult with counsel who can evaluate the specifics of your employment situation before a WARN notice obligation vests to effectively manage potential WARN liability. Best of luck to you during these difficult times.  May potential WARN liability be the least of your worries



Dean Fullerton
Vice President of HR, HSE & DOT
US Well Services, LLC
1360 Post Oak Blvd, Suite 1800
Houston, TX 77056
dfullerton@uswellservices.com
Office: (832) 562-3986
Cell: (281) 507- 5804

**Using Safety, Working Smarter**

CONFIDENTIAL                               D_000424