UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SCOTT EASOM, ADRIAN HOWARD, | § | |
| and JOHN NAU, on behalf of | § | |
| themselves and on behalf of | § | |
| all others similarly situated, | § | |
|     Plaintiffs, | § | CIVIL ACTION NO. |
| | § |   4:20-CV-02995 |
| V. | § | |
| | § | |
| US WELL SERVICES, LLC, | § | |
|     Defendant. | § | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

ORAL DEPOSITION OF DAVID SCOTT EASOM

JANUARY 17, 2023

VOLUME 1 OF 1

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

ORAL DEPOSITION OF DAVID SCOTT EASOM, produced at
the instance of Defendant and duly sworn, was taken in
the above-styled and numbered cause on the 17th day of
January, 2023, from 12:32 p.m. until 4:22 p.m., before
Carol S. Temperton, CSR, in and for the State of Texas,
reported by stenograph machine, at the offices of
McDonald Worley, P.C., 1770 St. James Place, Suite 420,
Houston, Harris County, Texas, pursuant to the Federal
Rules of Civil Procedure and the provisions stated on
the record.

EXHIBIT
4

David Scott Easom
1/17/2023

15

1      A    Both, actually, because the shop that was

2   there was in Bryan; and that was the main base was the

3   Bryan facility, for me.

4      Q    And how far away did you actually live, like

5   your home, from the Bryan main base facility?

6      A    It's probably 15 miles.

7      Q    Okay.  And then how far away were the pads?

8   And by the way, when we say pad, when you say pad, is

9   the pad where you're actually doing the fracking?

10     A    Yes.

11     Q    Is the pad a customer's site?

12     A    Yes.  It's a -- so we'll say it's either

13  customer site for Wild Horse or Apache, or I forgot who

14  bought out Wild Horse.  The place up in Oklahoma.  I

15  cannot think of the name of that company.  But those

16  pads are leases owned by those companies.  The

17  property, per se, belongs to somebody else.

18     Q    Always or most of the time?

19     A    Yes.  Those properties belong to either large

20  farms or somebody else.  They aren't particularly owned

21  by the oil company themselves.  They are, say, a

22  100-year lease by the oil company; but those mineral

23  rights belong to whoever owns that land or whoever

24  previously owned that land.  You know, those -- you

25  know, that stuff doesn't necessarily belong to the oil

David Scott Easom
1/17/2023

118

1    location.

2        Q   If it was the San Angelo location, would you

3    have been in a hotel or a man camp?

4        A   A man camp.

5        Q   The next paragraph says, "Each of defendant's

6    facilities, including the Bryan, Texas location, the

7    Jane Lew, West Virginia location that served as the

8    base of operations from which I was dispatched to do

9    work were independently large enough to be covered by

10   the WARN Act because defendant had over 100 employees

11   at each location."

12            How do you know that they had over 100

13   employees in each location?

14            THE WITNESS:  Do you want me to answer

15   that?

16       A   Okay.  Just based off --

17            MR. YEZIERSKI:  To the best of your

18   ability, yeah.

19       A   Okay.  So I know the Bryan, Pleasanton, and

20   San -- or Bryan, Pleasanton, San Angelo, yeah, all

21   three of those have over 100 employees.  The Jane Lew,

22   not really sure how many employees they got.  They have

23   a lot, but I don't know the exact number at those.

24       Q   (BY MR. KORN)  Okay.  Paragraph 16 says, "If I

25   had received advance notice of the mass layoff that

David Scott Easom
1/17/2023

120

1      A    Yes, sir.

2      Q    It then says, "I" -- this is number 17, third

3   sentence, "I was informed that I, along with numerous

4   other employees, were being let go effective

5   immediately."

6            Who were you referring to in that

7   conversation with --

8      A    The other four employees that were electronic

9   technicians.

10     Q    And I can't recall if I asked you, were those

11  technicians on different fleets?

12           MR. YEZIERSKI:  For the record, objection

13  to form.  You have asked that already.

14           But you feel free to answer it again if

15  you want.

16     A    Yeah, I'm going to say yes, it's other fleets,

17  so yeah.

18     Q    (BY MR. KORN)  It says -- number 18 says, "To

19  my knowledge, most, if not all, of the Similarly

20  Situated Employees were terminated in a similar manner

21  and at approximately the same time."  You don't have

22  knowledge of that, other than the handful of people

23  that you talked to when you went to return your stuff,

24  right?  Other than those people, you don't have

25  knowledge of that, do you?

David Scott Easom
1/17/2023

121

1      A    Yeah.  As far as -- so I guess on that

2   statement, it would be the other four electronic

3   technicians that were terminated at the same time as

4   me.  And then as returning my equipment back to the

5   company, talking to those other employees, learning

6   that they had been terminated at the same time.  So

7   that would be -- I guess that's a correct statement as

8   far as that goes.

9      Q    Can you turn to Exhibit 14?

10     A    Okay.

11     Q    I'm going to take a very short break.

12     A    All right.

13     Q    Very short.

14       (Brief recess from 3:56 p.m. to 3:59 p.m.)

15     Q    (BY MR. KORN)  Okay.  We're now in Exhibit 14,

16   Plaintiff's Responses to Defendant's First Set of

17   Interrogatories.  And if you turn to the second page --

18   I'm going to be kind of jumping around through this

19   real quick.  But this attributes you to saying certain

20   people might have knowledge of information.  Some of

21   them you've already said, so I'm going to go through it

22   real quick.  Other people I'm going to be, like, "Who

23   are they?" just to kind of get a quick response.

24              Paul Ralph Seagers, that's the supervisor

25   guy, right?