UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SCOTT EASOM, ADRIAN HOWARD, and JOHN NAU, on behalf of themselves and on behalf of all others similarly situated,<br><br>　　Plaintiffs,<br>V.<br><br>U.S. WELL SERVICES, LLC<br><br>　　Defendant. | § § § § § § § § § § § § § | CIVIL ACTION NO 4:20-CV-02995 |

**DEFENDANT'S UNOPPOSED MOTION AND INCORPORATED MEMORANDUM IN SUPPORT OF MOTION TO STRIKE PLAINTIFFS' JURY DEMAND**

**TO THE HONORABLE JUDGE LEE H. ROSENTHAL:**

　　**COMES NOW,** Defendant U.S. Well Services, LLC ("USWS"), by and through its attorneys of record, and respectfully moves the Court to strike Plaintiffs' demand for a jury trial pursuant to Rule 39(a)(2) of the Federal Rules of Civil Procedure. Plaintiffs allege a cause of action under the Worker Adjustment and Retraining Notification Act of 1988 ("WARN Act"), 29 U.S.C. § 2101 *et seq.* and demand "trial by jury of all issues triable by jury.[1] As recently affirmed by the Fifth Circuit as a matter of first impression, there is no right to a jury trial under the WARN Act, and the Court should strike this demand for the reasons detailed below. *See Fleming v. Bayou Steel BD Holdings II, LLC*, __ F.4th __, 2023 WL 6284736, at **5, 9 (5th Cir. Sept. 27, 2023) ("Because we conclude that there is no right to a jury trial under the WARN Act", Plaintiffs' instant action

---

[1] See Pacer Docket Entry at p. 11 (First Amended Class Action Complaint).

1

would be decided via bench trial."). *See also JPA, Inc. v. USF Processors Trading Corp.*, No. CIV.A. 3:05-CV-0433P, 2006 WL 740401, at *12 (N.D. Tex. Mar. 15, 2006) ("A court has the discretion to grant a motion to strike a jury demand at any time, even on the eve of trial.").

In June 2023, Defendant's counsel had previously broached with Plaintiffs' counsel as to whether Plaintiffs' would voluntarily withdraw their jury demand in light of the then existing authority against a right to a jury in a WARN Act case. At that time, Plaintiffs' counsel requested that the issue be deferred until such time as the Court had ruled on Plaintiffs' then pending summary judgment motions and their motion for class certification and Defendant agreed to delaying the determination. In light of the Court's September 26, 2023 Memorandum Opinion and Order, this issue is ripe for consideration by the Court.

On October 23, 2023, Plaintiffs' counsel informed Defendant's counsel that Plaintiffs do not oppose the instant Motion.

## ARGUMENT

### THE WARN ACT PROVIDES AN EQUITABLE REMEDY FOR WHICH THEREIS NO RIGHT TO A JURY TRIAL UNDER THE SEVENTH AMENDMENT

Federal Rule of Civil Procedure 39(a)(2) authorizes the Court, after a jury demand has been made, "on motion or on its own, [to] find[] that on some or all of those issues there is no federal right to a jury trial." FED. R. CIV. P. 39(a)(2). Here, the WARN Act does not provide an express right to a jury trial. The only question presented, therefore, is whether the Seventh Amendment confers the right to a jury trial on a claim brought under the WARN Act. As recently decided by the United States Court of Appeals for the Fifth Circuit, as a matter of first impression, the answer is there is no such right under the WARN Act.

2

In *Fleming v. Bayou Steel BD Holdings II, LLC*, __ F.4th __, 2023 WL 6284736, *9 (5th Cir. Sept. 27, 2023), the Fifth Circuit held there was no Seventh Amendment right to a jury trial under the WARN Act "[b]ecause the remedy provided is equitable in nature" and "Plaintiffs are not entitled to a jury trial of their WARN Act claims."). In reaching this conclusion in *Fleming*, the Fifth Circuit cited approvingly to *Bledsoe v. Emery Worldwide Airlines, Inc.,* 635 F.3d 836 (6th Cir. 2011), the only other Circuit Court up to that point to squarely address the issue. In holding that the Seventh Amendment does not attach to a WARN Act claim, and that there is no right to a jury trial, the Sixth Circuit in *Bledsoe* held that a WARN Act action is analogous to a breach of fiduciary duty claim, which historically would be analogous to an equitable cause of action with an equitable remedy. 635 F.3d 842. In addition to the Fifth Circuit's reliance on the Sixth Circuit ruling, *Bledsoe's* holding of no Seventh Amendment right to a jury trial in a WARN Act case has also been widely embraced by other federal courts.[2]

## **THERE IS NO PREJUDICE IN STRIKING PLAINTIFFS' JURY DEMAND**

In this instance Texas courts have also held that no prejudice to a party exists, even if a jury demand is struck based on a motion filed just over a month before trial setting. *See Le-Vel*

---

[2] *See, e.g., Morris v Moon Ridge Foods, LLC,* 18-CV-03219-SRB, 2019 WL 7593902, at *2 (W.D. Mo. Aug. 14, 2019)("[T]he Court is persuaded by the *Bledsoe* decision and the district courts in the Eighth Circuit that have followed it."); *Plerluca v. Quality Res., Inc.,* No. 8:16-CV-1580-T-30AEP, 2017 WL 1409825, at *2 (M.D. Fla. Apr. 20, 2017) (holding that it "agrees with the Sixth Circuit's reasoning and concludes that WARN Act damages are restitutionary in nature and analogous to reimbursement of wrongfully withheld funds, as opposed to compensation for damages flowing from wrongful termination."); *Day v. Trucking Servs., Inc.,* No. 09-CV-00031 SWW, 2014 WL 2718188, at *11 (E.D. Ark. June 16, 2014), *affd sub norn. Day v. Celadon Trucking Servs., Inc.,* 827 F.3d 817 (8th Cir. 2016) ("This Court agrees with the Sixth Circuit's reasoning and finds that WARN Act damages are restitutionary in nature."); *Creech v. Virginia Fuel Corp.,* 61 F. Supp. 3d 592, 594 (W.D. Va. 2014) (noting that "[t]he weight of existing authority—including the Sixth Circuit court of appeals [in *Bledsoe*] ... holds that there is no right to jury trial [in WARN Act case] because the Act's remedies are equitable in nature"); *Nelson v. Formed Fiber Techs.,* LLC, No. 2:10-CV-473-GZS, 2012 WL 118490, at *3 (D. Me. Jan. 13, 2012), *report and recommendation adopted,* No. 2:10-CV-473-GZS, 2012 WL 1253050 (D. Me. Apr. 13, 2012) (*Bledsoe's* "holding is well-reasoned and persuasive").

*Brands, LLC v. DMS Natural Health, LLC*, 2022 WL 949955, at *6 (E.D. Tex., March 28, 2022) (quoting *CPI Plastics, Inc. v. USX Corp.*, 22 F.Supp.2d 1373, 1378 (N.D. Ga. 1995) ("[N]o real prejudice to Defendant results from striking the jury demand" on a motion filed a month before trial; "[w]hile all parties have operated under the assumption that the trial would be before a jury up to this point, two weeks remain before the trial to allow the parties to adjust their presentation for a bench trial" . . . and "trial before the Court will require less preparation than trial before a jury."). In this instance, there can be no prejudice to Plaintiffs because at this juncture, no trial date has been set for this matter.

## **CONCLUSION**

The Fifth and Sixth Circuits, along with multiple District Courts, have held that the WARN Act does not afford a party the right to a jury trial. Given the weight of existing authority, the Court should follow this reasoning and Plaintiffs' jury demand should be stricken.

THIS the 23rd day of October 2023.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY:  /s/ David M. Korn
      DAVID M. KORN
      Texas Bar No. 24026161
      S.D. of Texas Federal ID No. 33987
      MARK FIJMAN
      Texas Bar No. 24112984
      S.D. of Texas Federal ID No. 3596495
      Canal Place, 365 Canal Street, Suite 2000
      New Orleans, Louisiana 70130-6534
      Telephone: 504-566-1311
      Telecopier: 504-568-9130
      Email: david.korn@phelps.com
            mark.fijman@phelps.com

**ATTORNEYS FOR DEFENDANT U.S. WELL SERVICES, LLC**

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing instrument has been served on all counsel of record via e-file notification on October 23, 2023.

      /s/ David M. Korn
      DAVID M. KORN