United States District Court
Southern District of Texas
**ENTERED**
March 25, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SCOTT EASOM, *et al.*, | § |
| | § |
| Plaintiffs, | § |
| | § |
| v. | §   CIVIL ACTION NO. H-20-2995 |
| | § |
| US WELL SERVICES, LLC, | § |
| | § |
| Defendant. | § |

**MEMORANDUM AND ORDER**

This class action lawsuit arises from layoffs that occurred when oil prices plunged and COVID rose. The plaintiffs allege that their former employer, US Well Services, LLC, violated the WARN Act, 29 U.S.C. § 2101 *et seq.*, by ordering mass layoffs without providing the required 60-days' notice. *See* § 2102(a). In February 2024, US Well Services filed a notice of intent to serve subpoenas on the Texas Workforce Commission. (Docket Entry No. 110). The subpoenas demand, as to each plaintiff:

> all records relating to the payment of benefits under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") and/or Federal Pandemic Unemployment Compensation program ("FPUC") and/or Pandemic Unemployment Assistance ("PUA") and/or Pandemic Emergency Unemployment Compensation ("PEUC") program from March 2020 to August 2020.

(*Id.* at 6).

The plaintiffs have moved for a protective order preventing the subpoenas from issuing on the ground that the information sought from the Texas Workforce Commission is irrelevant and overbroad. (Docket Entry No. 111). In response, US Well Service explains that it seeks the information "to pursue a good faith argument for an extension, modification or reversal of existing law that such COVID-specific payments could serve as an offset to damages in a WARN Act case." (Docket Entry No. 113 at 1–2).

US Well Services' argument for an "extension, modification[,] or reversal" of the law is without merit. The WARN Act provides for the reduction of an employer's liability for violating the Act based on:

> (A) any wages paid by the employer to the employee for the period of the violation;
>
> (B) any voluntary and unconditional payment by the employer to the employee that is not required by any legal obligation; and
>
> (C) any payment by the employer to a third party or trustee (such as premiums for health benefits or payments to a defined contribution pension plan) on behalf of and attributable to the employee for the period of the violation.

29 U.S.C. § 2104(a)(2).

The Fifth Circuit has held that COVID is not a natural disaster that could excuse noncompliance with the WARN Act. *Easom v. US Well Services, Inc.*, 37 F.4th 238, 240 (5th Cir. 2022), *cert. denied sub nom. U.S. Well Services, Inc. v. Easom*, 143 S. Ct. 427, 214 L. Ed. 2d 235 (2022). The Act specifies the basis for calculating damages for employers who violate the Act, including what offsets are permitted. The Act does not allow employers to reduce their exposure by other benefits the employees received. US Well Services has pointed to no basis to extend the Act to permit additional setoffs. Inquiry into the amount of benefits that the plaintiffs may have received, but which the Act does not recognize as setoffs, exceeds the scope of relevance. The information US Well Services seeks through the third-party subpoenas exceeds the scope allowed by Federal Rule of Civil Procedure 26(b). The plaintiffs' motion for a protective order is granted. (Docket Entry No. 111).

SIGNED on March 25, 2024, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge