UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SCOTT EASOM, ADRIAN HOWARD, and JOHN NAU, on behalf of themselves and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>V.<br><br>US WELL SERVICES, LLC<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ CIVIL ACTION NO.: 4:20-CV-02995<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

## JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Plaintiffs Scott Easom, Adrian Howard, and John Nau, individually and on behalf of all others similarly situated ("Plaintiffs"), and Defendant, US Well Services, LLC. ("USWS") (collectively the "Parties") file this Joint Motion for Preliminary Approval of Class Action Settlement. In support thereof, the Parties respectfully show the Court as follows:

### I.   INTRODUCTION

After significant discovery, motion practice, appeal to the Fifth Circuit, Rule 23 Class Certification, and years of litigation, the Plaintiffs and USWS have reached a proposed settlement. The terms of the proposed settlement are set forth in the proposed Settlement Agreement and Release of Claims ("Settlement") attached as Exhibit 1. The parties request that the Court approve the Settlement for the Class as defined by this Court's Memorandum Opinion and Order dated September 26, 2023. [Doc. 101].

The Settlement is the product of arm's-length negotiations between the Parties and is reasonable to support notice to the class members. The Notice to be sent to the class members

provides them with the best notice practicable under the circumstances and describes the benefits of the Settlement, the amount due to each Class Member and opportunity to object. The Court certified the Rule 23 Class and notice was already issued giving the Class Members an opportunity to opt out of the class. No Class Member opted out. Because the notice was issued just several months ago and there has been no material change in the law or facts since that time, a new opportunity to opt out of the Class is not warranted. Therefore, the court should approve the Settlement, the form of Notice, the proposed method of notifying class members, and further set this matter for a Final Fairness Hearing no earlier than 90 days after preliminary approval.

## II.     PROCEDURAL HISTORY AND BACKGROUND

In and around March of 2020, without prior notice, USWS laid off many of its employees, including Plaintiffs and Class Members. These layoffs were a result of numerous factors, including dropping oil prices, reduced profitability, and loss of fracking contracts. On August 26, 2020, Plaintiffs filed this lawsuit alleging violations of the Worker Adjustment and Retraining Notification Act ("WARN Act") on behalf of themselves and all others similarly situated. [Doc. 1]. Plaintiffs filed their First Amended Complaint on October 14, 2020. [Doc. 10]. Defendant filed an Answer on November 3, 2020, denying liability and asserting affirmative defenses. [Doc. 20].

After summary judgment motion practice and an appeal to the Fifth Circuit related to the "natural disaster" exemption in the WARN Act, Plaintiffs moved for class certification under Fed. R. Civ. P. Rule 23(a) and Rule 23(b)(3) on November 19, 2021. [Doc. 73]. After conducting additional discovery, Plaintiffs filed their Amended Motion for Class Certification on October 28, 2022. [Doc. 73] The certification issue was fully briefed by both sides and a hearing was conducted by the Court. On September 26, 2023, over Defendant's objections, this Court granted in part Plaintiffs' motion and certified the following class:

> All US Well Services employees based out of the production facilities in Bryan, Texas, San Angelo, Texas, and Pleasanton, Texas, who were terminated between March 5, 2020, and April 4, 2020, excluding employees who: (1) were rehired by US Well Services within a six-month period from their date of termination, (2) voluntarily terminated their employment, or (3) were discharged for cause.

[Doc. 101].

The Class Notice was issued to 282 Class Members in January 2024. *See* Ex. 3, Original Class Notice. The Notice gave the Class Members the opportunity to remain a member of the Class or to exclude themselves from the class in simple terms on the first page of the Notice. The Original Notice also advised the Class Members they would "be bound by any judgment or settlement." *Id*. The deadline to be excluded from the Class was April 23, 2024. No Class Member elected to be excluded, and the Class consists of 282 former employees.

The parties now seek the Court's approval of the negotiated settlement pertaining to Plaintiffs and the Class Members.

## III.   SUMMARY OF THE SETTLEMENT

### A.   Monetary relief to the Class members.

The parties have agreed to a common fund settlement contingent upon the Court's approval. Each Rule 23 class member will receive a pro rata share of the ▮▮▮▮▮▮ settlement fund, after deductions for Class Counsel's attorneys' fees, service awards, class administrative costs, and case expenses. To ensure appropriate notification and participation, the Settlement provides for outreach to the Rule 23 class members. The notice plan comports with the best practices regarding notice and claim administration to make participation as easy as possible for the Rule 23 class members. For purposes of the settlement notice, a third-party administrator ("TPA") will provide an original notice via U.S. Mail (first class) and e-mail, followed by a second mailing after 30 days for anyone who does not respond to the original notice. In addition, the TPA

will conduct a skip trace on any Class Member whose mail is returned and will remail such notice to any new address found. Class Members will be allowed to return the claim forms in one of three ways (1) signing electronically using a code provided by the TPA; (2) returning the form by US. Mail; or (3) submitting via email a clear image of the executed claim form. The Notice Packet is attached hereto as Exhibit 2.

**B.** **Plan of Allocation.**

The Settlement Agreement includes a proposed plan of allocation based on a formula that is fair to each class member based on the WARN Act damages described in the statute and as reflected in the payroll and benefit records that were previously provided by USWS. The parties have agreed that the formulas and methods that were used to calculate each class member's damages by Plaintiffs' counsel will govern the pro rata distribution of the net settlement funds to the class members. This damage model was created during litigation and produced by Plaintiffs' counsel as part of their Rule 26 disclosures related to damages. The model calculated each Class Members' potential WARN Act damages based on the payroll records, insurance records (health, dental and vision) and 401(k) records produced by Defendant. The same method was used to calculate each Class Members' damages. Under the proposed distribution, each Class Member will receive a pro-rata share of the net settlement amount.

**C.** **Release Provisions.**

All Rule 23 class members will be bound by the final approval order, the judgment which will dismiss all WARN Act claims with prejudice. The Proposed Order contemplates Class Members releasing "all claims for alleged violations of the WARN Act, known or unknown, in connection with the terminations that occurred during the Class Period, as defined by this Court." Additionally, the three named Plaintiffs will each execute general releases of all claims from the

beginning of time through the date of settlement. Such general releases for the named class representatives are typical because they are receiving additional consideration in the form of an incentive award and counsel can fully discuss one-on-one the effect of such a broad release.

### D. Service Awards.

The Settlement provides for service awards to Plaintiffs Scott Easom, John Nau, and Adrian Howard in the amount of ▮▮▮▮ each, which is intended to recognize the time and effort each of them spent on behalf of the class, assisting Class Counsel with the prosecution of the case, responding to discovery, appearing for depositions, being available at mediation and working towards the eventual settlement of their claims over the last four years since this case was filed. Those actions, and the consequent value those efforts have conferred upon the Class Members, and the additional exposure and risk they incurred by taking a leadership role in the litigation merit such an award.

### E. Attorneys' Fees and Costs.

Class Counsel will also request Attorneys' Fees equaling 40% of the Maximum Settlement Amount, *i.e.*, ▮▮▮▮, and Costs and Expenses in the amount of ▮▮▮▮. The Class Counsel fee, cost and expense application will be filed with the motion for final Settlement approval. The reasonableness of the fees and costs requested are addressed below in detail.

### IV. ARGUMENTS AND AUTHORITY

Rule 23, which governs class actions, was revised in 2018 to provide clarity on the procedure federal courts should follow when deciding to approve a settlement of a class action. *See* Fed. R. Civ. P. 23(e). The decision to approve a class action settlement is left to the district court's sound discretion. *See Newby v. Enron Corp.*, 394 F.3d 296, 300 (5th Cir. 2004). The court may authorize notice of the settlement to the class if the parties can demonstrate that the Court will

be able to (1) approve the settlement as fair, reasonable and adequate based on several factors addressed below, and (2) certify the class for purposes of judgment on appeal. *See* Fed. R. Civ. P. 23(e); *see also In re Deepwater Horizon*, 739 F.3d 790, 820 (5th Cir. 2014) (citing *Newby*, 394 F.3d at 301 (5th Cir. 2004)).

The proposed Settlement does ***not*** include an agreement to certify a class for settlement purposes only. This Court has already performed a rigorous review of the facts and law in order to issue an order certifying a Rule 23 class. See Doc. 101. The parties incorporate those findings herein. Therefore, the second part of Rule 23(e) regarding approval of class action settlement has already been satisfied.

### A. The settlement is fair, reasonable, and adequate under Rule 23(e)(2).

#### 1. 23(e)(2)(A) - The Class Representative and Class Counsel have adequately represented the class.

Two sections of Rule 23 require a review of the adequacy of Class Counsel and the Class Representative, Fed. R. Civ. P. 23(a)(4) and 23(e)(2). The inquiry for both is the same. The Rule requires plaintiffs to show that "the representative parties will fairly and adequately protect the interests of the class." *Id*. The adequacy requirement mandates a showing that a lead plaintiff's claims are not contrary to those of the class members and that the attorneys seeking to be appointed class counsel are qualified to handle the case. *See Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 625-26 (1997); *Stirman v. Exxon Corp.*, 280 F.3d 554, 563 (5th Cir. 2002). This Court has already found the Class Representatives and Class Counsel to have adequately represented the Class. See Doc. 101, p. 16 Court Order on Certification.

#### 2. 23(e)(2)(B) - The proposal was negotiated at arm's length.

The Parties attended the first mediation on January 20, 2022 with Houston mediator Gloria Portela; however, the mediation turned out to be premature and the parties did not reach an

6

agreement. The parties then conducted substantial discovery, Plaintiffs filed motions for summary judgment and an amended motion for class certification and Defendant responded to all such motions. The Parties attended a second mediation on June 3, 2024 with Bill Lemons, another mediator with extensive experience resolving complex class and collective actions. However, the parties again did not reach a settlement.

While preparing pretrial motions as required by the Court's Scheduling Order, the Parties agreed to settle the case, aided by continued efforts from the mediator, Mr. Lemons. Class Counsel attended the mediation in person, as did counsel for USWS and a company representative. All three Class Representatives, who were employed in distant locations on that date, were nonetheless available at a moment's notice by phone and were in contact with Class Counsel regarding the negotiations. The Settlement is the result of an arms' length negotiation with both sides vigorously advocating their respective positions.

3. **23(e)(2)(C) - The relief provided for the class is adequate**.

   a) *23(e)(2)(C)(i) - The costs, risks and delay of trial and appeal.*

The Settlement is also fair and reasonable because substantial obstacles exist if litigation continues, and the settlement offers substantial and immediate relief. The Parties disagree about the merits of Plaintiffs' claims, the viability of USWS's defenses, whether Plaintiffs are entitled to a jury trial, and the proper calculation of damages. In particular, Plaintiffs contend that the facts outlined in the Second Amended Complaint and the discovery obtained make it clear that USWS violated the WARN Act by failing to provide any notice, and certainly provided no advance notice, to the class members prior to conducting a mass layoff. USWS, however, alleges that notice was provided and was provided as early as practicable, based in part on the circumstances impacting the fracking industry at the time of the terminations. USWS therefore argued that the "unforeseen

business circumstances" exemption to the WARN Act applied and further claimed that USWS acted in good faith to comply with the statutory requirements related to advance notice. The Parties have hotly contested these, and other related issues, in multiple pleadings, hearings, and during the entire pendency of the litigation, and continued to do so even at mediation.

The Settlement is also fair and reasonable because this case threatened to become even more complex, expensive, and lengthy. If the lawsuit continues, both Parties have advised that extensive briefing would become necessary based on two recent Supreme Court decisions. Plaintiffs would file briefing on their right to a trial by jury in a WARN Act case, and Defendant would assert questions related to the causation standard due to the recent decision to do away with *Chevron* deference. Further, no matter which party prevailed in these monumental issues, and regardless of which party prevailed on the merits, another appeal to the Fifth Circuit would likely have resulted. Under such a scenario, Plaintiffs would not see any recovery from this case, if any, for years to come. The Settlement brings immediate benefit to the Plaintiffs, provides closure for the Defendant, and preserves the resources of the judiciary.

> b) *23(e)(2)(C)(ii) - The effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims.*

USWS was previously required by this Court to provide Class Counsel with the last known e-mail, phone and residential address for each class member. Class Counsel, pursuant to this Court's decision, provided notice to the class members and the Court allowed for a 90-day exclusion period. No class member chose to be excluded from the litigation.

To process this Settlement, a Class Administrator would be retained to take responsibility for sending the Notice of Settlement and Claim Form ("Notice Packet") via U.S. Mail (first class) and e-mail. Class members will be allowed to return the Claim Form via electronic delivery using DocuSign or a similar company providing electronic signature, via U.S. mail or via email. For any

Notice Packets returned as undeliverable, a new Notice Packet will be sent to the forwarding address. If no such forwarding address is provided, the Class Administrator shall perform a standard skip trace to identify the most current address, and mail a new Notice Packet to that address, if any. The Notice Period is sixty (60) days from the date of the first mailing. The parties have agreed to use ILYM Group, Inc, a reputable third-party administrator whose bid to administer the settlement is attached hereto as Exhibit 4.

The Class Administrator will provide information regarding responses to the Notice Packet to the Parties' counsel as provided in the Settlement, including a declaration prior to the final fairness hearing outlining the steps taken to provide notice and the status of class members.

> c) 23(e)(2)(C)(iii) - The terms of any proposed award of attorney's fees, including timing of payment.

Class Counsel will request Attorneys' Fees equaling 40% of the Maximum Settlement Amount, i.e., ▇▇▇▇ and Costs and Expenses in the amount of ▇▇▇▇. The Class Counsel fee, cost and expense application will be filed in connection with a motion for final approval of the settlement agreement. Approved Attorneys' Fees and Expenses will be paid out 15 days after the USWS has funded the Settlement, which is the same time the Class Members are scheduled to be paid.

The Settlement terms regarding attorneys' fees are also fair, reasonable, and adequate. Class Counsel has devoted over 4 years to working on this case and negotiated a settlement that benefits a large group (282) of employees who were terminated. Among other things, Plaintiffs engaged in extensive dispositive motion practice, demonstrated zealous advocacy for the rights of the Class Members by appealing a dispositive issue to the Fifth Circuit on an issue of first impression (*i.e.*, whether a pandemic like COVID constitutes a "natural disaster" under the WARN Act), drafted numerous motions and responded to motions filed by USWS, kept in constant contact

with the Class Representatives, invested funds in litigation costs to properly develop the case without any assurance of payment, responded to individual discovery, attended depositions of the Class Representatives and several individuals employed at the executive level of USWS in both Houston and New Orleans, including a 30(b)(6) corporate representative deposition that required judicial guidance on two separate occasions, sorted and analyzed tens of thousands of documents including payroll records for the entire class, developed a robust damage model from complicated records, and performed all other work necessary to achieve recovery for their clients.

Plaintiffs executed a contingency fee agreement to pay counsel 40% of the gross recovery plus litigation expenses. Such fees are justified as a matter of contract, but especially in this case where counsel worked diligently for such an extended amount of time on a contingency basis in a contentiously litigated case. Plaintiffs request that the Court take judicial notice of the docket which reflects the quantity and quality of work done by Plaintiffs' counsel. The fee requested is well within the usual range of percentages awarded in similar cases. *See Vela v. City of Houston*, 276 F.3d 659, 681 (5th Cir. 2001) (identifying customary contingency rate of 35-40%). When the facts warrant approval of a 40% fee, this Court and other Texas courts have approved such a fee.[1] Class Counsel accepted this lawsuit on a contingency fee basis, and achieved a positive result on behalf of the Plaintiffs and the class members which supports the agreed-upon fee award.

---

[1] See, e.g., *Corcione v. Methodist Hospital, et al.*, No 3:14-cv-160 (S.D. Tex. June 24, 2016) at Doc. 148 (Rosenthal, J.) (approving 40% contingency fee in FLSA collective action on behalf of nurses alleging unpaid meal breaks); *Green-Johnson v. Fircroft, et al.,* No. Civ. A. 4:12-cv-01307 (S.D. Tex., April 3, 2013) at Doc. 50 (Rosenthal, J.) (approving 40% contingency fee in an FLSA collective action); *Hanson et al v. Camin Cargo Control, Inc.,* No. Civ. A. 4:13-cv-00027 (S.D. Tex. 2015) at Doc. 116 (approving 40% contingency fee in an FLSA collective action); *Villarreal, et al. v. Source Refrigeration & HVAC, Inc*.; No. Civ. A. 1:12-cv-00243 (W.D.Tex., October 8, 2013) Doc. 71 (approving 40% contingency fee in FLSA collective action*); Covey, et al. v. Iron Cactus, et al.*; No. Civ. A. 1:12-cv-00111-SS (W.D. Tex. August 6, 2013) (same); *Barnard et al v. Intertek USA Inc*., No. Civ. A. 4:11-cv-02198 (S.D. Tex., Jan. 8, 2014); Doc. 184 (same); *Quintanilla v. A & R Demolition, Inc*., No. H-04-1965, 2008 WL 9410399, at *8 (S.D. Tex. May 7, 2008)(same).

Moreover, it is proper to award attorneys' fees in a common fund settlement based on a percentage because "it is more predictable, encourages settlement, and reduces incentives to protract litigation." *Union Asset Mgmt. Holding A.G. v. Dell, Inc.*, 669 F.3d 632, 644, n.34 (5th Cir. 2012) (citations omitted) (also, noting that the fifth circuit has never reversed a district court's decision to use the percentage method.).

> d) 23(e)(2)(C)(iv) – any agreement required to be identified under Rule 23(e)(3).

There are no separate agreements outside of the actual Settlement. The Parties must file a statement identifying any agreement made in connection with the proposed Settlement. Other than the Settlement itself, the parties have no other separate agreement regarding the Settlement. All the terms of the Parties' settlement are in the Settlement itself, attached hereto as Exhibit 1.

4. **23(e)(2)(D) - The Settlement treats class members equitably relative to each other.**

The Settlement is also fair because it calls for a fair distribution to the Class Members of a substantial settlement fund. Each class member would receive a proportionate share of the net settlement amount after attorneys' fees, case expenses, costs for administering notice, and service awards to Scott Easom, Adrian Howard, and John Nau of ▮ each for their roles in serving as the Class Representatives. The distribution among Class Members is based on the payroll and benefit records kept by USWS, which were used to calculate the amount of damages due to each Class Member according to relief allowed under the WARN Act. The same formula is used to determine the amount of the settlement fund to be paid to each Class Member, including the Class Representatives.

### 5. 23(e)(4) New Opportunity to be Excluded Not Warranted.

Because this class action was previously certified under Rule 23(b)(3), "the court **may** refuse to approve a settlement unless it affords a new opportunity to request exclusion to individual class members who had an earlier opportunity to request exclusion but did not do so." *See* Fed. R. Civ. P. 23(e)(4) (*emphasis added*). As alluded to at the most recent status conference before the Court, this rule gives the Court discretion to approve the Settlement without affording a new opportunity for class members to be excluded.

No new opportunity for exclusion is warranted here for four reasons. First, there has been no change in the law or facts that would alter the Court's prior rulings regarding the common questions of law and fact that predominate over any individual issues in this case. *See* Doc. 101, pp. 16-17. The class action tool remains the superior method of resolving the claims common among the class members. Second, the deadline to be excluded under the original class action notice was April 23, 2024, or just under 4 months ago. It is unlikely class members would change their mind regarding exclusion in such a brief period. Third, the original notice made it clear that the class members would be bound by any judgment or settlement, and none chose to be excluded. And fourth, the proposed notice of the settlement gives the class members an opportunity to object to the settlement. Therefore, the parties jointly request the court exercise its discretion to approve the settlement without a second opportunity for exclusion.

### V.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court:

1. Grant preliminary approval to the Parties Settlement Agreement;
2. Approve the content of the Notice Packet and the method of providing notice to the Settlement Classes;

3. Schedule a final approval hearing after the 60-day notice period has elapsed (this hearing date must be identified in the Class Notice Packet); and

4. Grant the Parties such other relief to which they may be justly entitled.

A proposed order is attached for the court's consideration.

Dated: August 21, 2024                          Respectfully submitted,

By: /s/Galvin Kennedy.
Galvin Kennedy
Texas Bar No. 00796870
**KENNEDY LAW FIRM, LLP**
2925 Richmond Avenue, Ste. 1200
Houston, TX 77098
(713) 425-6445 - telephone
galvin@kennedyattorney.com

Gabriel A. Assaad
Texas Bar No. 24076189
gassaad@mcdonaldworley.com
Matthew S. Yezierski
Texas Bar No. 24076989
matt@mcdonaldworley.com
**MCDONALD WORLEY, P.C.**
1770 St. James Street, Suite 100
Houston, TX 77056
(713) 523-5500 – telephone
(713) 523-5501 – facsimile

**LEAD ATTORNEYS FOR PLAINTIFFS AND CLASS MEMBERS**

AND

/s/ David M. Korn
David M. Korn
Texas Bar No. 24026161
david.korn@phelps.com
Mark Fijman
Texas Bar No. 24112984
mark.fijman@phelps.com
Clerc Cooper
Louisiana Bar No. 38170 [*Pro hac vice*]
clerc.cooper@phelps.com

                                                            Phelps Dunbar, LLP
                                                            Canal Place, 365 Canal Street, Suite 2000
                                                            New Orleans, LA 70130-6534
                                                            504 -566-1311 – telephone
                                                            504 – 568- 9130 – telecopier
                                                            **LEAD ATTORNEYS FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

       I certify that this Joint Motion was served on all counsel of record using the Court's ECF filing system.

                                          */s/ David M. Korn*
                                          David M. Korn