# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

SCOTT EASOM, ADRIAN HOWARD )
and JOHN NAU, on behalf of )
themselves and on behalf )
all others similarly situated, )
)
    Plaintiffs, )
) CIVIL ACTION NO.
) 4:20-cv-02995
v. )
)
US WELL SERVICES, LLC, )
)
    Defendant. )

## STIPULATION REGARDING SETTLEMENT

Plaintiffs Scott Easom, Adrian Howard and John Nau, individually and on behalf of all others similarly situated ("Plaintiffs") and Defendant US Well Services, LLC ("Defendant") (collectively, the "Parties") enter the following Stipulation Regarding Settlement ("Settlement Agreement") as to:

> All US Well Services employees based out of the production facilities in Bryan, Texas, San Angelo, Texas, and Pleasanton, Texas, who were terminated between March 5, 2020, and April 4, 2020, excluding employees who: (1) were rehired by US Well Services within a six-month period from their date of termination, (2) voluntarily terminated their employment, or (3) were discharged for cause. ("Settlement Class Members")

The Parties have agreed to the following terms, all of which are subject to Court Approval:

1. Total Settlement Amount for the Settlement Class Members is ▮▮▮▮▮ ("Total Settlement Amount").

2. The Parties agree that attorneys' fees shall not exceed forty (40%) of the Total Settlement Amount. Defendant agrees not to object to a request for attorneys' fees which does not exceed forty percent of the Total Settlement Amount.

**EXHIBIT 1**

3. Plaintiffs shall be entitled to reimbursement of reasonable and necessary documented costs from the Total Settlement Amount in an amount not to exceed ███.

4. Defendant shall wire Plaintiffs' Counsel the Court or Arbitrator approved attorneys' fees and costs no later than 30 calendar days from the date the Court/Arbitrator issues final approval of this settlement.

5. The Parties agree that the three Named Plaintiffs shall each be entitled to receive, from the Total Settlement Amount, a service award not to exceed ███.

6. The Parties agree that all of the costs of administering the settlement shall be paid from the Total Settlement Amount. The Parties will cooperate in the selection and engagement of a Third-Party Administrator ("TPA") if Defendant deems it necessary.

7. The Parties agree that the balance after deducting attorneys' fees, costs, the service awards and the costs associated with the administration of the settlement shall be referred to as the Net Settlement Amount.

8. Defendant (or the TPA) will pay the eligible Settlement Class Members (those who have not submitted a timely Opt-Out form) their respective *pro rata* share of the Net Settlement Amount.

9. Allocation of the Net Settlement Amount to each eligible Settlement Class Member shall be determined by Plaintiffs' Counsel based on the payroll and compensation data provided by Defendant.

10. The Parties agree to work together to prepare a mutually-agreeable Notice, Opt-Out form and Rule 23 procedure. The three Named Plaintiffs will each execute a full and complete comprehensive employment law release which releases all of their claims from the beginning of time through the date the Settlement Agreement is finally approved by the Court or Arbitrator. Because this is a Rule 23 settlement, each eligible

Settlement Class Member who has not opted out of the settlement shall be deemed to have released all WARN Act claims, known or unknown, as alleged or which could have been alleged in the civil action, through the date this settlement is finally approved by the Court or the Arbitrator. Counsel will work together to draft suggested language accomplishing claims preclusion to be included in the form of Final Judgment or the Arbitrator's Final Award.

11. By no later than August 9, 2024, the Parties agree to jointly (or through an unopposed motion) seek Court approval of this settlement. The Parties shall request that the Court conditionally approve the settlement and authorize the issuance of appropriate Notice(s). The Mediator has, as is his practice and by virtue of his Agreement to Mediation, required that this settlement be wholly confidential. Accordingly, the Parties shall request of the Court leave to submit the settlement under seal and that the actual settlement be treated confidentially. In the event the Court will not accede to that request, the Parties agree to seek both preliminary and final approval of the settlement in private arbitration.

12. The Notice and Opt-Out form shall be distributed to the Settlement Class Members in accordance with the following deadlines:

    a. Within 30 calendar days of conditional/preliminary approval of the settlement, Defendant shall deliver in electronic form to Plaintiffs' Counsel, the last known name, address, phone number, email address (if known) and dates of employment of each of the Settlement Class Members.

    b. Within 60 days of conditional/preliminary approval of the settlement, Plaintiffs' Counsel (or the TPA) shall mail and email (if applicable) a copy of the Notice and Opt-Out form to the Settlement Class Members.

3

    c. The Settlement Class Members shall have 60 after the date of the Notice to file the prescribed Opt-Out form, and/or to object to the settlement.

13. Payments shall be distributed to the eligible Settlement Class Members in accordance with the following deadlines:

    a. 45 days after the close of the opt-out period, Plaintiffs' Counsel shall provide Defendant with an excel spreadsheet identifying each of the Settlement Class Members who did not timely submit a properly executed Opt-Out form and the amount of their respective *pro rata* share of the Net Settlement Amount.

    b. Defendant (or the TPA) shall have 45 days from the receipt of the excel spreadsheet to issue checks to the eligible Settlement Class Members. Each check will be subject to normal W-2 deductions in accordance with the last tax records (W-4) for each employee on file with Defendant. Defendant shall be responsible for paying the employer's share of Social Security and Medicare withholdings.

    c. Defendant shall also issue separate checks to each Named Plaintiff for their respective service awards, without deductions, subject to reporting by Form 1099.

    d. Plaintiffs' counsel or the TPA shall be responsible for mailing checks to the Settlement Class Members.

    e. Checks to the Settlement Class Members shall be valid for 180 days.

14. Within 10 days from the date of mailing the checks to the eligible Settlement Class Members, the Parties shall move for entry of a Final Judgment or an Arbitrator's Final Award granting final approval of the settlement and dismissing this lawsuit with prejudice.

15. Any unclaimed checks from the Net Settlement Amount shall revert to Defendant.

Each signatory hereto agrees to fully cooperate in the drafting and execution of such additional documents, if any, as are reasonably necessary to implement the provisions and spirit of this agreement. Notwithstanding that such additional documents may be contemplated, the parties confirm that this is a written Settlement Agreement as contemplated by Section 154.071 of the Texas Civil Practice and Remedies Code, is a complete, valid and binding contract, is intended to be an enforceable agreement as contemplated by Rule 11, Texas Rules of Civil Procedure and/or any similar provisions of the Federal Rules of Civil Procedure, and may be used as the basis for a motion for judgment, motion for summary judgment, motion to enforce, or a suit on this Settlement Agreement, with each party waiving all rights to a jury trial.

If any dispute arises relating or pertaining in any way to this Settlement Agreement, including (a) a dispute with regard to the interpretation and/or performance of this Settlement Agreement or any of its provisions and/or whether a material term of the parties' settlement is omitted from or misstated in this Settlement Agreement or (b) with respect to any other claim or controversy between the parties, whether known or unknown, and whether arising in the future or existing as of the date of this Settlement Agreement, the parties agree to submit any and all such disputes to the Mediator that facilitated this settlement, as Arbitrator, for final and binding arbitration of all such disputes. Such arbitration shall be pursuant to the *Commercial Arbitration Rules* as promulgated by the American Arbitration Association and then in effect. Each party shall advance deposits sufficient to pay the estimated costs of the arbitration, including the Arbitrator's fee and expenses; *provided, however,* if arbitration is brought to construe or enforce this Settlement Agreement or otherwise as provided herein, the prevailing party shall be entitled to recover attorney's fees and expenses, as well as fees of the Arbitrator, and the Arbitrator shall be authorized to assess such costs and fees in accordance with the *Rules.*

Although the Mediator had previously provided a draft of this Settlement Agreement to counsel as a courtesy to facilitate and assist in the final resolution of these disputes, the Parties and their counsel have thoroughly reviewed such outline of essential terms and have, where necessary, modified the prior draft and all previous versions to conform this Settlement Agreement to the precise terms of their settlement. All signatories to this Settlement Agreement hereby release the Mediator from any and all responsibility arising from the drafting of this Settlement Agreement, and by signing this Settlement Agreement acknowledge that they have been advised by the Mediator in writing that this Settlement Agreement should be independently reviewed by counsel before executing it. The Parties and their counsel expressly agree and that the Mediator shall never be called as a witness in the event of any dispute over this Settlement Agreement or otherwise, in accordance with Section 154.073 of the Civil Practice and Remedies Code, and further agree that in the event any attempt is made to call the Mediator as a witness, the Mediator shall be (a) compensated for all of his time involvement (at his then-applicable rate) in any way caused by or relating in any way thereto, and (b) reimbursed all attorney's fees, expenses and costs incurred in connection therewith or pertaining in any way thereto.

The Parties represent and warrant that: (i) each has carefully reviewed this Settlement Agreement, (ii) each has consulted with his, her or its attorney(s) concerning this Settlement Agreement, (iii) any questions that each has pertaining to this Settlement Agreement have been answered and fully explained by counsel, (iv) their decision to execute this Settlement Agreement is not based upon any statement or representation, either written or oral, made by any person or entity other than those statements contained in this Settlement Agreement, and specifically is not based on or induced by any statement or representation made by the opposing party, its counsel or the Mediator, (v) this Settlement Agreement constitutes the entire agreement and understanding between all parties as to settlement and compromise of these disputes and (vi) all prior and

contemporaneous agreements, understandings, representations and statements, whether written or oral, are merged herein and superseded hereby.

Each signatory party hereto expressly warrants and represents that no promise or agreement which is not herein expressed has been made to him, her or it, and that in executing the releases contained in this Settlement Agreement and in entering into the covenants contained herein, they are not relying upon any statement or representation made by the Mediator, any of the parties, any representative of a party or by such party's counsel.

This Settlement Agreement may be executed in counterparts and by facsimile copies, is made and performable in Harris County, Texas, and shall be construed in accordance with the laws of the State of Texas.

SIGNED THIS 26th DAY OF JULY, 2024:

_____  
**DAVID M. KORN, ESQ.**  
**COUNSEL TO THE DEFENDANT**

_____  
**GALVIN KENNEDY, ESQ.**  
**COUNSEL TO THE PLAINTIFFS**

**US WELL SERVICES, LLC**

_____  
**SCOTT EASOM**

By: _____  
Printed Name: Elizabeth Fitch  
Title: Assistant General Counsel

_____  
**ADRIAN HOWARD**

_____  
**JOHN NAU**

7

contemporaneous agreements, understandings, representations and statements, whether written or oral, are merged herein and superseded hereby.

Each signatory party hereto expressly warrants and represents that no promise or agreement which is not herein expressed has been made to him, her or it, and that in executing the releases contained in this Settlement Agreement and in entering into the covenants contained herein, they are not relying upon any statement or representation made by the Mediator, any of the parties, any representative of a party or by such party's counsel.

This Settlement Agreement may be executed in counterparts and by facsimile copies, is made and performable in Harris County, Texas, and shall be construed in accordance with the laws of the State of Texas.

SIGNED THIS 26th DAY OF JULY, 2024:

_____
**DAVID M. KORN, ESQ.**
**COUNSEL TO THE DEFENDANT**

**GALVIN KENNEDY, ESQ.**
Gabriel Assaad
**COUNSEL TO THE PLAINTIFFS**

ACCEPTED on condition that case expenses of approximately $45,000 must be reimbursed from the gross settlement

/s/ Scott Easom
**SCOTT EASOM**

**US WELL SERVICES, LLC**

By: _____

Printed Name: _____

Title: _____

/s/ Adrian Howard
**ADRIAN HOWARD**

/s/ John Nua
**JOHN NAU**

7