# EXHIBIT 3

**CLASS ACTION NOTICE:**

**UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF TEXAS – HOUSTON DIVISION**
*Scott Easom, et al., v. U.S. Well Services, LLC*, Case No. 4:20-cv-02995

**PLEASE READ THIS ENTIRE NOTICE CAREFULLY.**

**If you were employed by U.S. Well Services, LLC, were subject to the mass layoffs that occurred between <u>March 5, 2020</u> and <u>April 4, 2020,</u> were based out of the USWS facilities located in San Angelo, Texas; Bryan, Texas; or Pleasanton, were involuntarily terminated (as opposed to terminated for cause or separated voluntarily), and were not rehired by USWS within 6 months after your termination; this class action lawsuit may affect your legal rights.**

A FEDERAL COURT HAS AUTHORIZED THIS NOTICE.  THIS IS NOT AN ADVERTISEMENT.

You are receiving this notice because you are currently a Class Member of this lawsuit.

- The purpose of this Notice is to inform you that your rights may be affected by the proceedings in a class action lawsuit pending before Judge Lee Rosenthal of the United States District Court for the Southern District of Texas – Houston Division.
- The Court has ordered that this Notice be sent to you so that you can be fully informed about the lawsuit and your rights and options in connection with it.
- Three former employees of U.S. Well Services, LLC ("USWS") have brought a class action suit against USWS for violating the Worker Adjustment and Retraining Notification Act of 1988 ("WARN Act").
- The Court has ruled that the lawsuit can proceed as a "class action" on behalf of "classes" of employees. According to USWS's employment records, you are potentially a member of one of the classes (see Paragraphs 1 and 6 below).
- The Court has not yet decided whether USWS did anything wrong, and Defendants contend their actions complied with the WARN Act. There is no money available to you now, and no guarantee that there will be in the future. However, your legal rights are affected, and you have two options at this point.

| **YOUR LEGAL RIGHTS AND YOUR OPTIONS IN THIS LAWSUIT** ||
|---|---|
| **Remain a member of the Class** (Requires No Action at This Time) | **Stay in this lawsuit. Keep the right to potentially recover money in this case if Plaintiffs prevail in their lawsuit against USWS and be bound by any judgment or settlement. Give up the right to bring your own case.** <br><br> By doing nothing, you keep the possibility of recovering monetary damages that may come from a trial or a settlement in this case, though there is no guarantee that there will be a settlement, or that Plaintiffs will prevail at trial. But you may give up the right to bring your own independent lawsuit against USWS and you will be bound by the final judgment of the Court, whether or not favorable to the class or to USWS. |
| **Exclude yourself from the Class** (Requires Action by **April 23, 2024**) | **Exclude yourself from the class. Keep the right to bring your own case.** <br><br> If you ask to be excluded from the Class, you will no longer be a member of the class and you cannot recover any money through this case, nor will you be bound by any judgment or settlement in this case, whether or not favorable to the class or to USWS. You will keep the right to bring your own case against USWS. |

**EXHIBIT 3**

**BASIC INFORMATION**

1. **Why did I get this notice?**

USWS's employment records show that you were employed by USWS in either San Angelo, Texas; Bryan, Texas; or Pleasanton, Texas, and were included in the mass layoffs that occurred between March 5, 2020 and April 4, 2020. Under the WARN Act, employers are required to provide advance notice to affected employees.

If this Notice reached you at an address other than the one on the mailing label, or if your address changes, please send your correct address to the Class Counsel listed below (See paragraph 11).

This Notice is given pursuant to Rule 23(c) of the Federal Rules of Civil Procedure and by Order of the United States District Court for the Southern District of Texas. The purpose of this notice is to inform you about a class action lawsuit brought against Defendant, USWS and the Court's certification of a litigation class. You are a member of the affected class that has been allowed, or "certified," by the District Court. By Court Order dated September 26, 2023, Judge Lee H. Rosenthal certified this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. The Court defined the Class as:

> All U.S Well Services employees based out of the production facilities in Bryan, Texas, San Angelo, Texas, and Pleasanton, Texas, who were terminated between March 5, 2020 and April 4, 2020, excluding employees who: (1) were rehired by U.S. Well Services within a six-month period from their date of termination, (2) voluntarily terminated their employment, or (3) were discharged for cause.

You have legal rights and options that you may exercise before the Court holds a trial in this matter. A trial may be necessary to decide whether the claims being made against USWS are valid or meritless. The Honorable Lee H. Rosenthal, a Judge in the United States District Court for the Southern District of Texas – Houston Division, is overseeing this lawsuit. The title of the case is: *Scott Easom, et al., v. U.S. Well Services, LLC*, Case No. 4:20-cv-02995 (S.D. Tex.).

2. **What is this lawsuit about?**

This lawsuit claims USWS violated the WARN Act by failing to provide notice to employees in advance of terminating them as part of the mass layoffs that took place between March 5, 2020 and April 4, 2020. The WARN Act is a federal law which generally requires employers with 100 or more full-time employees (not counting workers who have fewer than 6 months on the job) to provide advance notification to employees at least 60 calendar days before any planned plant closings or mass layoffs. The WARN Act also includes exceptions to the 60-day notice requirement, including the "unforeseen business circumstances" exception, which allows for the reduction of the notice period.

The Plaintiffs in this lawsuit assert that USWS failed to provide the 60-day advance notice and claim that USWS did not provide sufficient notice under the WARN Act.

USWS disputes Plaintiffs' claims and asserts that USWS provided as much notice as practicable because of unforeseen business circumstances that arose during the first quarter of 2020.

The documents filed in this action, including the Complaint filed by the Plaintiffs against USWS, are available for review during normal business hours at the office of the Clerk of the United States District Court for the Southern District of Texas - Houston Division or online via the electronic system called PACER.

3. **What is a "class action" and who is involved?**

A "class action" lawsuit is a case where one or more people, called Plaintiffs serve as "Class Representatives," and sue on behalf of themselves and all the other people who have similar claims. The people together are a "Class," and the individuals are all "Class Members." The person or entity that is being sued, in this case USWS, is called the "Defendant." As a member of the Class, if you do not exclude yourself from the class, the court will resolve all the issues, on behalf of all the Class Members, in a single action. This prevents the courts from having to hear numerous individual actions to resolve the same questions repeatedly. Should Plaintiffs prevail, you will be entitled to share in any recovery awarded by the Court. Likewise, if USWS prevails, it may seek recovery of its costs and you will not be able to challenge the legality of the notice provided or maintain any other claims that could have been asserted in this case. In either case, you will not be required to pay Class Counsels' attorney fees or litigation costs. The Court has appointed the Plaintiffs' attorneys (names and contact information below) to represent the entire class in this litigation.

4. **What are the Plaintiffs asking for?**

If Plaintiffs prevail, the WARN Act sets out the specific monetary damages that would be owed to the Plaintiffs and the Class Members, which could amount to 60 days' wages and related benefits.

The Court has not yet ruled on the merits of the case or made any determination as to whether there actually was a violation of the WARN Act.

5. **Is there money available now?**

No money is available now because the Court has not yet decided whether USWS did anything wrong. There is no guarantee that money or benefits will ever be obtained as a result of this case. If damages are awarded, and you do not ask to be excluded, you will be notified and will be given information about any monetary award to which you may be entitled.

## WHO IS INCLUDED IN THE LAWSUIT

### 6. Who is in the class?

You are receiving this notice because you have been identified by USWS employment records as an employee that falls within the definition of the Class. In other words, you were employed by USWS in San Angelo, Texas; Bryan, Texas, or Pleasanton, Texas and were terminated between March 5, 2020 and April 4, 2020 and were not rehired within six months. Furthermore, your termination was not voluntary (you did not choose to leave) and was not a discharge for cause (you were not fired based on a business justification). Based on these criteria, you are currently included in the litigation as a Class Member with other USWS employees who also meet these criteria.

### 7. Can I be part of the lawsuit?

You have been identified as a potential member of the Class of employees that meet that above listed criteria. Therefore, you will automatically be included as a member of the class unless you take affirmative actions to exclude yourself from the case as explained in this notice.

### 8. What happens if I do nothing with this notice?

If you do nothing, you will automatically be included as a member of the Class, which means that you will keep the possibility of getting monetary damages as a result of this lawsuit but will also be bound by any judgment of this case whether or not favorable to the Class. If you remain part of the Class and the Plaintiffs obtain money as a result of either a trial or a settlement, you will be notified about how to obtain any share to which you may be entitled. If you do nothing now, regardless of whether the Plaintiffs win or lose, you will not be able to sue the Defendants as part of any other lawsuit seeking compensation based on the WARN Act violations alleged in this lawsuit. You will also be legally bound by all orders and judgments of the Court. If Plaintiffs lose the case, you will not be able to challenge the legality of the notice provided by USWS or maintain any other claims that could have been asserted in this case.

### 9. Why would I ask to be excluded?

Members of the Class have the right to be excluded from the Class. This is also called "opting out" of the class. If you exclude yourself, you will not get any money from this lawsuit - even if Plaintiffs obtain it as a result of a trial or settlement. However, you will also not be bound by any judgment or settlement in this case, whether or not favorable to the Class. You will keep the right to pursue your own claims with lawyers of your own choice, provided you pursue those claims within certain legal deadlines, called the statute of limitations. If you do exclude yourself, you should consult a lawyer immediately to determine any deadlines that you may have to meet.

You are under no obligation to remain a member of the class. If you wish to exclude yourself from the Class, you **must** send a Request for Exclusion, in writing using the Request for Exclusion Form below, using the enclosed self-addressed stamped envelope postmarked no later than **April 23, 2024**, to the following address:

**McDonald Worley, P.C.**
**1770 St. James Place**
**Suite 100**
**Houston, TX 77056**

Your Request for Exclusion must be signed and dated, include your name, address, telephone number, and e-mail address.

A copy of the completed Request for Exclusion Form should also be sent to Class Counsel.

**10. <u>What is the deadline to ask to be excluded?</u>**

If you do not want to participate in the lawsuit and would prefer to be excluded from the Class, then you must postmark the Request for Exclusion Form by **April 23, 2024**.

**THE LAWYERS REPRESENTING THE CLASSES**

**11. <u>Do I have a lawyer in this case?</u>**

The Court has appointed the Plaintiffs' lawyers in this case to represent the Class ("Class Counsel"). Those lawyers are:

| **<u>CLASS COUNSEL</u>** | | |
|---|---|---|
| Gabriel A. Assaad<br>McDonald Worley, P.C.<br>1770 St. James Place<br>Suite 100<br>Houston, TX 77056<br>(713) 523-5500 Telephone<br>(713) 523-5501 Fax<br>gassaad@mcdonaldworley.com | Matthew S. Yezierski<br>McDonald Worley, P.C.<br>1770 St. James Place<br>Suite 100<br>Houston, TX 77056<br>(713) 523-5500 Telephone<br>(713) 523-5501 Fax<br>matt@mcdonaldworley.com | Galvin Kennedy<br>Kennedy Law Firm, LLP<br>2925 Richmond Ave.<br>Suite 1200<br>Houston, TX 77098<br>(713) 4256445 Telephone<br>(888) 535-9271 Fax<br>galvin@kennedyattorney.com |

**12. <u>Should I hire my own attorney?</u>**

You may if you want, but you do not need to hire your own lawyer, because Class Counsel represents the Class. You will not have to pay Class Counsel any fees or expenses out of your own pocket. You can hire a lawyer to appear in Court for you if you want someone other than Class Counsel to speak for you. If you hire your own lawyer, you will be responsible for the charges that lawyer requires you to pay for representing you.

**13. <u>What is the next step in the lawsuit?</u>**

Unless the case is resolved by a settlement or legal ruling before trial, Class Counsel will have to prove the Plaintiffs' claims and damages at a non-jury trial.  The trial has been tentatively scheduled for June of 2024.  It will take place in the United States District Court for the Southern District of Texas – Houston Division, 515 Rusk St, Houston, TX 77002.  During the trial, the District Court Judge will hear all the evidence and reach a decision about whether the Plaintiffs or Defendant are right about the claims in the lawsuit.

**FOR MORE INFORMATION**

If you have any additional questions concerning this Notice or the litigation, you may contact Class Counsel using the contact information above.

Please do not contact the Clerk of the Court or the Judge about this case.

# UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| SCOTT EASOM, ADRIAN HOWARD, and JOHN NAU, on behalf of themselves and on behalf of all others similarly situated, | § § § § § § § | |
| Plaintiffs, | § § § | |
| V. | § § § | **CIVIL ACTION NO: 4:20-CV-02995** |
| U.S. WELL SERVICES, LLC | § § § § | |
| Defendant. | § § | |

## REQUEST FOR EXCLUSION FORM

I, the undersigned, have read the foregoing Class Notice and understand its contents.

I **DO NOT** want to participate in the above lawsuit and **DO NOT** wish to receive any damages, if any, or to be bound by any settlement reached by the Class.

_____          _____
SIGNATURE                                                                    ADDRESS

_____          _____
NAME (printed or typed)                                               CITY, STATE and ZIP CODE

_____          _____
DATE                                                                                TELEPHONE

_____
EMAIL ADDRESS

If you do NOT wish to participate, send this completed form using the enclosed self-addressed envelope to:

    **McDonald Worley, P.C.**
    **1770 St. James Place**
    **Suite 100**
    **Houston, TX 77056**