IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States District Court
Southern District of Texas
**ENTERED**
September 19, 2024
Nathan Ochsner, Clerk

| | |
|---|---|
| SCOTT EASOM, ADRIAN HOWARD, and JOHN NAU, on behalf of themselves and on behalf of all others similarly situated, § § § § § § | |
| Plaintiffs, § | |
| § | CIVIL ACTION NO.: **4:20-CV-02995** |
| V. § § | |
| US WELL SERVICES, LLC § § | |
| Defendant. § | |

## ORDER PRELIMINARILY APPROVING SETTLEMENT

Before the Court is the Parties' Joint Motion for Preliminary Approval of Class Action Settlement.

WHEREAS, on August 26, 2020, Plaintiffs David Scott Easom ("Easom"), Adrian Howard ("Howard"), and John Nau ("Nau") (collectively, "Plaintiffs"), filed the present lawsuit alleging violations of the Worker Adjustment and Retraining Notification Act ("WARN Act") on behalf of themselves and all others who are similarly situated. [Doc. 1]. Plaintiffs alleged that US Well Services, LLC ("USWS" or "Defendant") (together with Plaintiffs, the "Parties") violated the WARN Act by failing to provide 60 day' advance notice to employees prior to conducting a mass layoff. Plaintiffs filed a First Amended Complaint on October 14, 2020. [Doc. 10]. Defendant filed an Answer on November 3, 2020, denying liability and asserting affirmative defenses. [Doc. 20].

WHEREAS, on September 26, 2023, this Court GRANTED Plaintiffs motion seeking certification of a Rule 23 class action on behalf of:

> All US Well Services employees based out of the production facilities in Bryan, Texas, San Angelo, Texas, and Pleasanton, Texas, who were terminated between March 5, 2020, and April 4, 2020, excluding employees who: (1) were rehired by US Well Services within a six-month period from their date of

1

termination, (2) voluntarily terminated their employment, or (3) were discharged for cause.

WHEREAS, on June 3, 2024, the Parties mediated their dispute and thereafter continued to negotiate and reached a final agreement with the assistance of an experienced mediator, William Lemons.

WHEREAS, the Parties entered into the Settlement Agreement, as submitted to the Court as part of the Parties' Joint Motion for Preliminary Approval.

WHEREAS, the Settlement Agreement sets forth the terms and conditions for a proposed settlement in this action between the Parties.

WHEREAS, the Parties have requested that the Court enter an Order Preliminarily Approving the Settlement Agreement.

WHEREAS, the Parties have moved the Court to approve the form and methods of notice of the Settlement to be provided to the Class Members;

WHEREAS, the Parties have moved the Court to schedule a final fairness hearing after the notice process is completed per the Settlement Agreement and, thereafter, dismiss the lawsuit with prejudice as to Defendant USWS as provided for in the Settlement Agreement.

WHEREAS, the Court is satisfied that the Parties have shown that the settlement of Plaintiffs' WARN Act claims on a Rule 23 class basis satisfies the requirements of Federal Rule of Civil Procedure 23(e) and that preliminary approval of the Rule 23 class settlement is appropriate.

WHEREAS, the Court is satisfied that the Settlement Agreement resolves a bona fide dispute between the Parties under the WARN Act and was the result of good faith, arm's-length settlement negotiations between competent and experienced counsel for Plaintiffs and Defendant.

AND WHEREAS, the Court having reviewed and considered the Settlement Agreement, makes the following findings and grants the relief set forth below:

**IT IS HEREBY ORDERED AS FOLLOWS:**

## I.     JURISDICTION

1. The Court has jurisdiction over the subject matter of this action, including the claims asserted, and has personal jurisdiction over Plaintiffs, the Settlement Collective Action Members, the Rule 23 Class Members and Defendant USWS, as well as jurisdiction over the implementation of the Settlement Agreement.

2. FINDINGS OF FACT. Pursuant to Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"), the Court finds that the settlement of Plaintiffs' WARN Act claim as embodied in the Settlement Agreement resolves a bona fide dispute between Plaintiffs and Defendant USWS and is preliminarily approved as fair, reasonable, and adequate, and in the best interest of the Rule 23 Settlement Class (as defined by this Court and provided above).

3. Because this is a Rule 23 settlement, the Court must also address the four factors outlined in Rule 23(e)(2)(C)(i)-(iv). As to such factors, the Court finds that the costs, risks and delay of trial and appeal in this case are such that a settlement of the sort reached by the Parties is in the best interest of the Rule 23 Class Members. Further, the Settlement Agreement calls for an effective means of communicating (via both e-mail and U.S. mail) the notice of the settlement and the rights of the Rule 23 class members to participate in the settlement or object to the settlement. The Parties have agreed to use a third-party class action administrator to impartially send the notice and process the notice claim forms. The Parties have also represented to the court that there are no separate agreements outside of the Settlement Agreement that was filed with the Court. Further, the Settlement Agreement treats the Class Members equitably relative to each other because the Agreement relies on objective pay and

benefits records kept by USWS to determine each Rule 23 class member's pro rata share of the net settlement amount. Further, the terms of the Settlement Agreement regarding payment of attorney's fees and litigation costs are also fair and reasonable considering the work done on this matter, the contingency nature of the fee, and the results obtained.

4. The Court finds that the Settlement Agreement is within the range of reasonableness. The Court finds that sufficient investigation, discovery, research, and litigation have been conducted such that counsel for the Parties are able to evaluate their respective risks of further litigation, the possibility of an unfavorable outcome, and the additional costs, impositions of time and delays associated with the continued prosecution of this action. With respect to Plaintiffs' WARN Act claim, the Court finds that the Settlement Agreement resolves a bona fide dispute between Plaintiffs, the Class Members, and Defendant USWS.

5. The Court also finds that the Settlement is the result of arm's-length negotiations between experienced counsel representing the interests of the Plaintiffs and Defendant USWS, under the supervision of an experienced third-party mediator, after thorough factual and legal investigation.

6. The Court finds and determines that the payments to be made to the Plaintiffs, including the service awards, as provided in the Settlement, are fair and reasonable. The Court also finds the plan of allocation among the Rule 23 Class Members is rational and fair.

7. The Court finds and determines that the releases of claims, including under the WARN Act, are fair and sufficient to extinguish claims against Defendant, as set out in the Settlement Agreement.

8. Based upon all papers filed with the Court, the Court's observation and assessment of the performance of Plaintiffs' Counsel throughout this litigation, the resulting settlement recovery, and for other good cause shown, the Court finds that payment to Plaintiffs' Counsel pursuant to the terms of the Settlement Agreement, for all past and remaining work

until completion of this matter, is fair and reasonable. Specifically, the Court finds that in light of the result obtained for the Plaintiffs, the contingent nature of the litigation, the experience of Plaintiffs' Counsel, and the preclusion of other employment necessitated by the hours Plaintiffs' Counsel devoted to this litigation, the agreed upon fees, costs and expenses should be awarded and are hereby approved preliminarily subject to a final fairness hearing after the notice process is completed.

## II.     CONCLUSIONS OF LAW AND ORDER

After considering the Parties' Joint Motion for Preliminary Approval of a Class Action Settlement (the "Motion"), the Settlement Agreement, and the papers in support of the Motion, IT IS ORDERED as follows:

9.      The Parties' Joint Motion for Preliminary Approval of Class Action Settlement is hereby GRANTED.

10.     The Court finds that the plan for notice to the Settlement Class (as set forth in the Settlement Agreement) is the best notice practicable under the circumstances and satisfies the requirements of due process and Rule 23. The plan for notice to the Settlement Class is approved and adopted.

11.     The Court further finds that the Notice Package (as defined in the Settlement Agreement) complies with Rule 23(c)(2) and Rule 23(e) and is appropriate as part of the plan for issuing notice set forth in the Settlement Agreement and its Exhibits, and the Notice Package is approved and adopted.

12.     The Court preliminarily approves Class Counsel's request for 40% of $1,600,000 as attorneys' fees and for reimbursement of reasonable costs up to $45,668 subject to the filing of a motion for attorneys' fees and costs, to be further reviewed by the Court at the Final Fairness Hearing.

13. The Court preliminarily approves a Service Awards to Plaintiffs Easom, Howard, and Nau in the amount of $5,000 for each.

14. The Court approves the appointment of ILYM Group, Inc. as the Claims Administrator and further approves the Claims Administrator's fee not to exceed $7,950.

15. To effectuate the Settlement Agreement and dissemination of the Notice Package, the Court establishes the following deadlines and dates for the acts and events set forth in the Settlement Agreement, and directs the Parties to incorporate the deadlines and dates in the Class Notice and required forms attached to the Settlement Agreement as follows:

| DESCRIPTION | DEADLINE |
| --- | --- |
| The Claims Administrator shall send to the Rule 23 Class Members the Approved Notice Package via U.S. Mail and e-mail. | [ DATE ] |
| The Claims Administrator shall send to the Rule 23 Class Members the Approved Notice Package, via U.S. Mail and e-mail to any Settlement Class Members who have not yet submitted a Claim Form. | [ DATE ] (30 days after initial mail out described above) |
| Deadline for Class Members to object to the Rule 23 class action settlement. | [ DATE ] (60 days after the first mailing date of the Approved Notice Package.) |
| Deadline for Class Representatives and Class Counsel to file the Motion for Final Approval, including any request for attorneys' fees and costs. | [ DATE ] (14 days after the deadline for the submission of Claim Forms.) |

16. The fairness hearing and hearing for Final Approval of the Settlement Agreement is hereby scheduled for December 20, 2024 at 1:00 pm., in Courtroom 11-B, United States District Court, Southern District of Texas, Houston Division, 515 Rusk Street, Houston, Texas, 77002. A Zoom link will also be provided.

17. The Parties are hereby ordered to comply with all other deadlines set forth in the Settlement Agreement, even if not specifically stated in this Order.

**IT IS SO ORDERED on** __September 19__**, 2024.**

_____
**HONORABLE LEE H. ROSENTHAL**
UNITED STATES DISTRICT JUDGE