# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| SCOTT EASOM, ADRIAN HOWARD, and JOHN NAU, on behalf of themselves and on behalf of all others similarly situated, § § § § § § Plaintiffs, § § V. § § US WELL SERVICES, LLC § § Defendant. § § § | CIVIL ACTION NO.: **4:20-CV-02995** |

## ORDER GRANTING JOINT MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND JUDGMENT

Before the Court is the Parties' Joint Motion for Final Approval of Class Action Settlement and Judgment.

WHEREAS, on August 26, 2020, Plaintiffs David Scott Easom ("Easom"), Adrian Howard ("Howard"), and John Nau ("Nau") (collectively, "Plaintiffs"), filed the present lawsuit alleging violations of the Worker Adjustment and Retraining Notification Act ("WARN Act") on behalf of themselves and all others that are similarly situated. [Dkt. 1]. Plaintiffs alleged that US Well Services, LLC ("USWS" or "Defendant") (together with Plaintiffs, the "Parties") violated the WARN Act by failing to provide 60 day's advance notice to employees prior to conducting a mass layoff. Plaintiffs filed a First Amended Complaint on October 14, 2020. [Dkt. 10]. Defendant filed an Answer on November 3, 2020. [Dkt. 20].

WHEREAS, on September 26, 2023, this Court GRANTED Plaintiffs motion seeking certification of a Rule 23 class action on behalf of:

> All US Well Services employees based out of the production facilities in Bryan, Texas, San Angelo, Texas, and Pleasanton, Texas, who were terminated between March 5, 2020, and April 4, 2020, excluding employees who: (1) were rehired by US Well Services within a six-month period from their date of termination, (2) voluntarily terminated their employment, or (3) were discharged for cause. [Dkt. 101].

1

WHEREAS, on June 3, 2024, the Parties mediated their dispute and thereafter continued to negotiate and reached a final agreement with the assistance of an experienced mediator, William Lemons.

WHEREAS, the Parties entered into the Settlement Agreement, which was submitted to the Court on August 21, 2024, as part of the Parties' Joint Motion for Preliminary Approval. [Dkt. 129].

WHEREAS, the Settlement Agreement sets forth the terms and conditions for a settlement in this action between the Parties. *Id.*

WHEREAS, the Parties requested that the Court enter an Order Preliminarily Approving the Settlement Agreement and the form and methods of notice of the Settlement to be provided to the Class Members. *Id.*

WHEREAS, the Parties also moved the Court to schedule a final fairness hearing after the notice process is completed per the Settlement Agreement and, thereafter, dismiss the lawsuit with prejudice as to Defendant USWS as provided for in the Settlement Agreement. *Id.*

WHEREAS, the Court, after a hearing, issued the Order Preliminarily Approving the Settlement on September 19, 2024. [Dkt. 135].

WHEREAS, on October 3, 2024, ILYM Group, Inc. (the "Claims Administrator"), transmitted the Court-approved notice packages to the 282 Rule 23 class members and plaintiffs by U.S. Mail and e-mail using the Rule 23 class members and plaintiffs' last known contact information.

WHEREAS, 30 days after the initial mailing, the Claims Administrator transmitted reminder notices to the class members who had not submitted a claim.

WHEREAS, the Parties filed their Joint Motion for Final Approval of the Class Action settlement on December 6, 2024.

WHEREAS, the Court held a final fairness hearing with respect to the class action settlement on December 20, 2024.

WHEREAS, the Court remains satisfied that the Parties have shown that the settlement of Plaintiffs' WARN Act claims on a Rule 23 class basis satisfies the requirements of Federal Rule of Civil Procedure 23(e) and that final approval of the Rule 23 class settlement is appropriate.

WHEREAS, no class member filed an objection to the Settlement after receiving notice of their right to do so.

WHEREAS, 240 of the 282 class members submitted valid claims with the claims administrator.

WHEREAS, the Court is satisfied that the Settlement Agreement resolves a bona fide dispute between the Parties under the WARN Act and was the result of good faith, arm's-length settlement negotiations between competent and experienced counsel for Plaintiffs and Defendant.

AND WHEREAS, the Court having reviewed and considered the Settlement Agreement, makes the following findings and grants the relief set forth below:

**IT IS HEREBY ORDERED AS FOLLOWS:**

### JURISDICTION

The Court has jurisdiction over the subject matter of this action, including the claims asserted, and has personal jurisdiction over Plaintiffs, the Rule 23 Class Members, and Defendant USWS, as well as jurisdiction over the implementation of the Settlement Agreement.

## FINDINGS OF FACT

Pursuant to Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"), the Court finds that the settlement of Plaintiffs' WARN Act claim, as embodied in the Settlement Agreement, resolves a bona fide dispute between Plaintiffs and Defendant USWS and is approved as fair, reasonable, and adequate, and in the best interest of the Rule 23 Class Members (as defined by this Court and provided above).

Because this is a Rule 23 settlement, the Court must also address the four factors outlined in Rule 23(e)(2)(C)(i)-(iv). As to such factors, the Court finds that the costs, risks and delay of trial and appeal in this case are such that a settlement of the sort reached by the Parties is in the best interest of the Rule 23 Class Members. Further, the Settlement Agreement provided for an effective means of communicating (via both e-mail and U.S. mail) the notice of the settlement and the rights of the Rule 23 Class Members to participate in the settlement or object to the settlement. The Parties utilized a third-party class action administrator to impartially send the notice and process the claim forms. The Parties have also represented to the Court that there are no separate agreements outside of the Settlement Agreement that was filed with the Court. Further, the Settlement Agreement treats the Class Members equitably relative to each other because the Agreement relies on objective pay records kept by USWS to determine each Rule 23 Class Member's pro rata share of the net settlement amount. Further, the terms of the Settlement Agreement regarding payment of attorney's fees and litigation costs are also fair and reasonable considering the work done on this matter, the contingency nature of the fee, and the results obtained.

The Court finds that the Settlement Agreement is within the range of reasonableness. The Court finds that sufficient investigation, discovery, research, and litigation have been conducted such that counsel for the Parties are able to evaluate their respective risks of further litigation, the possibility of an unfavorable outcome, and the additional costs, impositions of

time and delays associated with the continued prosecution of this action. With respect to Plaintiffs' WARN Act claim, the Court finds that the Settlement Agreement resolves a bona fide dispute between Plaintiffs, the Class Members, and Defendant USWS.

The Court also finds that the Settlement is the result of arm's-length negotiations between experienced counsel representing the interests of the Plaintiffs, the Class Members, and Defendant USWS, under the supervision of an experienced third-party mediator, after thorough factual and legal investigation.

The Court finds that the hourly rates for class counsel are reasonable and customary for attorneys with the respective years of experience and expertise as follows: Galvin Kennedy and Gabriel Assaad $550 per hour and Matthew Yezierski $500.

The Court finds and determines that the payments to be made to the Plaintiffs, including the service awards, as provided in the Settlement, are fair and reasonable. The Court also finds the plan of allocation among the Rule 23 Class Members is rational and fair.

The Court finds and determines that the releases of claims, including those arising under the WARN Act, are fair and sufficient to extinguish claims against Defendant, as set out in the Settlement Agreement.

Based upon all papers filed with the Court, the Court's observation and assessment of the performance of Plaintiffs' Counsel throughout this litigation, the resulting settlement recovery, and for other good cause shown, the Court finds that payment to Plaintiffs' Counsel pursuant to the terms of the Settlement Agreement, for all past and remaining work until completion of this matter, is fair and reasonable. Specifically, the Court finds that in light of the result obtained for the Plaintiffs, the contingent nature of the litigation, the experience of Plaintiffs' Counsel, and the preclusion of other employment necessitated by the hours Plaintiffs' Counsel devoted to this litigation, the agreed upon fees, costs and expenses should be awarded and are hereby approved.

## CONCLUSIONS OF LAW AND ORDER

After considering the Parties' Joint Motion for Final Approval of the Class Action Settlement (the "Motion"), the Settlement Agreement, and the papers in support of the Motion, **IT IS ORDERED** as follows:

The Parties' Joint Motion for Final Approval of Class Action Settlement is hereby **GRANTED**.

**IT IS ORDERED** that all individuals within the class definition set forth above are bound by this Judgment.

In accordance with Fed. R. Civ. P. Rules 23(a)(4) and (g), the Court **CONFIRMS** the appointment of Galvin Kennedy of Kennedy Law Firm and Gabriel A. Assaad and Matthew S. Yezierski of McDonald Worley, PC and as Class Counsel for the Rule 23 Class Members.

The Court finds that the Notice Package (as defined in the Settlement Agreement) issued to the Rule 23 Settlement Class has been provided in accordance with the Court's Preliminary Approval Order and that such notice was sent by U.S. Mail, e-mail in an adequate and sufficient manner. The Court further finds that the Notice Package (as defined in the Settlement Agreement) constitutes the best notice practicable under the circumstances and satisfies the requirements of due process and complies with Rule 23(c)(2) and Rule 23(e) and was therefore appropriate for issuing notice of the Settlement Agreement to the Class.

The Court grants final approval of Class Counsel's request for 40% of $1,600,000 ($640,000) as attorneys' fees and for reimbursement of reasonable costs up to $45,668.

The Court approves a Service Awards to Plaintiffs Easom, Howard, and Nau in the amount of $5,000.00 for each.

The Court finally approves the Claims Administrator's fee of $7,950 to be paid from the Gross Settlement Amount.

The Court **ORDERS** the Parties to fulfill all other obligations of the Settlement Agreement.

The Court **ORDERS** that the claims of Plaintiffs Scott Easom, Adrian Howard, and John Nau against US Well Services, LLC are hereby **DISMISSED WITH PREJUDICE**, with all parties to bear their own costs except as outlined in this Order.

The Court **ORDERS** that the claims of the Class Members, as defined in the Court's previous Order, against US Well Services, LLC are hereby **DISMISSED WITH PREJUDICE,** with all parties to bear their own costs except as outlined in this Order.

Without affecting the finality of this Order and Judgment, the Court hereby reserves and retains jurisdiction over this settlement, including the administration and consummation of the settlement as set forth in the Settlement Agreement. In addition, without affecting the finality of the Order and Judgment, the Court retains exclusive jurisdiction over the Parties and each Rule 23 Class Member for any suit, action, proceeding, or dispute arising out of or relating to this Order, the Settlement Agreement, or the applicability of the Settlement Agreement, including but not limited to, any dispute as to whether any person is a Rule 23 Settlement Class Member or any disputes between any of the Released Parties and any Rule 23 Settlement Class Member which relates in any way to the applicability or scope of the Settlement Agreement or this Order and Judgment.

**IT IS SO ORDERED on** _____**, 2024.**

                                                  **HONORABLE LEE H. ROSENTHAL**
                                                  UNITED STATES DISTRICT JUDGE